SEYFARTH SHAW LLP
Ryan McCoy (SBN 276026)
rmccoy@seyfarth.com
Taylor D. Horn (SBN 329435)
thorn@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:  (415) 397-2823
Facsimile:   (415) 397-8549

Attorneys for Defendant
Alaska Airlines, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DANIEL ESTRADA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALASKA AIRLINES, INC. AND DOES 1–10, inclusive,<br><br>Defendants. | Case No. 3:25-cv-08091-SK<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: July 13, 2026<br>Time: 9:30 a.m.<br>Judge: The Honorable Sallie Kim |

326125998v.3

## NOTICE OF MOTION

**TO THE COURT, PLAINTIFF, AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 13, 2026 at 9:30 a.m., or as soon thereafter as the matter may be heard before the Honorable Sallie Kim of the above-captioned Court located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant will, and hereby does, move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on the basis that the First Amended Complaint fails to state any viable claims. Per Judge Kim's scheduling notes, the hearing on this motion shall be conducted via Zoom Webinar unless otherwise scheduled by the Court.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the accompanying Request for Judicial Notice and exhibit attached thereto, any oral argument that may be presented at the hearing, and all pleadings, records, and papers on file in this action, as well as any further evidence or matters that the Court may consider appropriate.

DATED: May 26, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Ryan McCoy*

Ryan McCoy
Taylor D. Horn
Attorneys for Defendant
ALASKA AIRLINES, INC.

i

ALASKA'S MOTION FOR JUDGMENT ON THE PLEADINGS
3:25-CV-08091-SK

326125998v.3

**TABLE OF CONTENTS**

Page(s)

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF THE CASE......................................................................................... 2

    A. Legal background............................................................................................... 2

        1. Section 233 of the California Labor Code entitles certain employees to use some of their employer-provided sick leave without adverse consequences.................. 2

        2. Section 245.5 of the Labor Code excludes from the definition of "employee" individuals employed by air carriers as cabin-crew members and individuals covered by CBAs. ................................................................................................ 3

    B. Factual background............................................................................................. 4

        1. Estrada's employment as a flight attendant with Alaska is governed by a CBA. .. 4

        2. Estrada alleges his employment with Alaska was terminated because he accumulated too many attendance points. ........................................................... 5

    C. Procedural background ....................................................................................... 5

        1. Estrada sues Alaska in California state court on behalf of himself and a putative class of California flight attendants. ..................................................................... 5

III. LEGAL STANDARD....................................................................................................... 6

IV. ARGUMENT..................................................................................................................... 6

    A. Applying California's statutory-construction tools makes clear that an individual excluded from Section 245.5's definition of "employee" is not entitled to Section 233's sick-leave protections....................................................................................... 8

        1. The *in pari materia* canon confirms that Section 245.5's "employee" definition applies to Section 233. ....................................................................................... 8

        2. Legislative history further confirms that Section 245.5's "employee" definition applies to Section 233. ..................................................................................... 10

        3. The statutory-reference canon also confirms that Section 246.5's "employee" definition applies to Section 233....................................................................... 10

    B. Estrada's claims fail because he falls under the cabin-crew member exception and the CBA exemption to Section 233 and 245.5's definition of "employee."........................... 13

        1. Estrada is not an "employee" covered by Section 245.5(a) because he falls under the exception for "cabin crew member[s]" "employed by an air carrier" in Section 245.5(a)(3). ............................................................................................ 13

326125998v.3

2.    Estrada's claims also fail because he is "covered by a valid collective bargaining agreement" that satisfies each of the requirements in California Labor Code § 245.5(a)(1). ................................................................................................ 14

C.    The Court should not allow Estrada to amend his Complaint. ........................................ 16

V.    CONCLUSION................................................................................................................... 16

326125998v.3

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Altaville Drug Store, Inc. v. Employment Development Department*,
44 Cal. 3d 231 (1988) ...............................................................................................8, 9

*American Airlines, Inc. v. County of San Mateo*,
12 Cal. 4th 1110 (1996) ................................................................................................8

*Brown v. City of Inglewood*,
18 Cal. 5th 33 (2025) ....................................................................................................9

*Chavez v. United States*,
683 F.3d 1102 (9th Cir. 2012) .......................................................................................6

*In re Financial Oversight & Management Board for Puerto Rico*,
979 F.3d 10 (1st Cir. 2020) .........................................................................................16

*G.B. by and through G.P. v. EPA*,
172 F.4th 1042 (9th Cir. 2026) ....................................................................................16

*Godecke v. Kinetic Concepts, Inc.*,
937 F.3d 1201 (9th Cir. 2019) .......................................................................................6

*Gregg v. Hawaii, Dep't of Pub. Safety*,
870 F.3d 883 (9th Cir. 2017) .........................................................................................6

*Hawaiian Airlines, Inc. v. Norris*,
512 U.S. 246 (1994).....................................................................................................15

*Heliotrope Gen., Inc. v. Ford Motor Co.*,
189 F.3d 971 (9th Cir. 1999) .........................................................................................6

*International Brotherhood of Electrical Workers, Local 111 v. Public Service Co. of Colorado*,
773 F.3d 1100 (10th Cir. 2014) ...................................................................................16

*Jam v. Int'l Fin. Corp.*,
586 U.S. 199 (2019).................................................................................................10, 11

*Johnson v. Sky Chefs, Inc.*,
No. 11-CV-05619-LHK, 2012 WL 4483225 (N.D. Cal. Sept. 27, 2012).....................6

*Kaanaana v. Barrett Business Services, Inc.*,
11 Cal. 5th 158 (2021) ...................................................................................................9

iii

326125998v.3

*Lexin v. Superior Court*,
   47 Cal. 4th 1050 (2010) .................................................................................................8

*McCarther v. Pacific Telesis Group*,
   48 Cal. 4th 104 (2010) ..........................................................................................6, 7, 8

*McKinley v. Southwest Airlines Co.*,
   680 Fed.App'x. 522 (9th Cir. 2017) .............................................................................16

*People v. Rojas*,
   15 Cal. 5th 561 (2023) .......................................................................................10, 11, 12

*Sarmiento v. Sealy, Inc.*,
   367 F. Supp. 3d 1131 (N.D. Cal. 2019) .......................................................................16

*United States v. Iverson*,
   162 F.3d 1015 (9th Cir. 1998) ...............................................................................10, 11

**Statutes**

45 U.S.C. § 153(i) ................................................................................................................15

45 U.S.C. § 181........................................................................................................3, 7, 13, 14

Cal. Lab. Code § 233 ....................................................................................................*passim*

Cal. Lab. Code § 245.5 .................................................................................................*passim*

Cal. Lab. Code § 246 ..........................................................................................................3, 13, 14

Cal. Lab. Code § 246.5 .........................................................................................................2, 3, 11

Cal. Lab. Code § 1106 .............................................................................................................9

Cal. Lab. Code § 1182.12 .....................................................................................................15

Cal. Bus. & Prof. Code § 17200 .......................................................................................1, 5, 16

California Private Attorneys General Act.................................................................................6

Clean Water Act.....................................................................................................................11

Federal Railway Labor Act..........................................................................................3, 7, 13, 14

Healthy Workplaces, Healthy Families Act..........................................................................*passim*

Labor Management Relations Act .........................................................................................13

326125998v.3

**Other Authorities**

BLACK'S LAW DICTIONARY (12th ed. 2024) ........................................................................8

Fed R. Civ. P. 12........................................................................................................6, 12

Fed. R. Civ. P. 15.........................................................................................................16

Fed. R. Evid. 201 .......................................................................................................6, 16

S. Comm. on Labor & Indus. Relations, Comm. Rep. on S.B. 579 (Apr. 20, 2015)...........2, 10, 12

S. Rules Comm., Bill Analysis, S.B. 579 (May 7 & June 2, 2015)....................................2, 10, 12

ALASKA'S MOTION FOR JUDGMENT ON THE PLEADINGS
3:25-CV-08091-SK

326125998v.3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff Daniel Estrada, a former Alaska Airlines flight attendant, has sued Alaska under California Labor Code § 233, claiming that Alaska unlawfully terminated his employment in retaliation for his taking sick leave. Estrada's claims fail as a matter of law because Section 233 does not cover air carrier cabin crew or employees subject to a valid collective bargaining agreement (CBA), and Estrada is both. The Court should therefore enter judgment on the pleadings for Alaska.

Alaska terminated Estrada's employment in 2024 because of his excessive absences. Estrada alleges that he was terminated in part because he took sick leave. He sued Alaska, contending that his termination violated Section 233, which protects employees from retaliation for using their sick leave, and California Business & Professions Code § 17200, which prohibits certain unfair business practices (including, in his view, retaliation violating Section 233).

Estrada's claims fail as a matter of law because he is not an "employee" subject to California Labor Code § 233. Section 233 doesn't define the term "employee," but California law's tools of statutory construction make clear that Section 233 incorporates the definition of "employee" from the related Labor Code § 245.5(a). The California Legislature designed Sections 233 and 245.5 to work together to implement California's paid sick-leave protections—as statutory text, structure, purpose, and legislative history all show. As a result, the provisions are *in pari materia*—or, relating to the same subject—and must be harmonized, as Section 233's references to Section 245.5 confirm.

Estrada is not an "employee" under the definition incorporated from Section 245.5 into Section 233. Section 245.5(a) excludes from the definition of "employee" both cabin-crew members for air carriers and individuals whose employment is covered by a qualifying CBA. As a cabin-crew member covered by a qualifying CBA, Estrada meets both exemptions.

Because he is not an employee under Section 233 as a matter of law, Estrada's Section 233 claim fails. His derivative claim, under Section 17200, also fails because it rests on his theory that the alleged Section 233 "violation[] serve[s] as [an] unlawful predicate act[] and practice[]." *See* ECF No. 1-1 (FAC), ¶ 48. And because his claims fail as a matter of law, Estrada cannot plead a valid claim on either

1

326125998v.3

count by amending and pleading more facts. The Court should thus grant Alaska judgment on the pleadings and dismiss Estrada's First Amended Complaint (FAC) with prejudice.

## II.    STATEMENT OF THE CASE

### A.    Legal background

#### 1.    Section 233 of the California Labor Code entitles certain employees to use some of their employer-provided sick leave without adverse consequences.

As amended, Section 233 of the Labor Code, known as the Kin Care Law, prohibits certain employers from "deny[ing] an employee the right to use sick leave or discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using, or attempting to exercise the right to use, sick leave to attend to an illness or the preventive care of a family member, or for any other reason specified in subdivision (a) of Section 246.5." Cal. Lab. Code § 233(c). Section 246.5, in turn, covers "[d]iagnosis, care, or treatment of an existing health condition of, or preventative care for, an employee or an employee's family member." Cal. Lab. Code § 246.5(a)(1). Section 233 has never explicitly defined the term "employee."

The Legislature has repeatedly amended Section 233 to harmonize it with changes elsewhere in the Labor Code. In 2015, the Legislature amended Section 233 to "more closely align [it] with" a newly enacted and related law, the Healthy Workplaces, Healthy Families Act of 2014 (HWHFA), which requires employers to provide sick-leave benefits for certain California employees. S. Comm. on Labor & Indus. Relations, Comm. Rep. on S.B. 579 (Apr. 20, 2015); *accord* S. Rules Comm., Bill Analysis, S.B. 579 (May 7 & June 2, 2015). As relevant here, the Legislature revised Section 233 to cross-reference two new provisions, Sections 245.5 and 246.5, several times. Section 233 now defines "sick leave" by reference to Section 246.5(a) and, as noted, prohibits certain employers from retaliating against employees for using some of their sick leave for any reason "specified in subdivision (a) of Section 246.5." Cal. Lab. Code § 233(a)(3)(A), (c).

ALASKA'S MOTION FOR JUDGMENT ON THE PLEADINGS
3:25-CV-08091-SK

326125998v.3

**2.    Section 245.5 of the Labor Code excludes from the definition of "employee" individuals employed by air carriers as cabin-crew members and individuals covered by CBAs.**

The HWHFA requires employers to provide sick-leave benefits to certain California employees. For example, Section 246 requires employers to provide paid sick leave to employees who work "for the same employer for 30 or more days," and ensures that employees accrue that leave "at the rate of not less than one hour per every 30 hours worked." Cal. Lab. Code § 246(a), (b)(1). And Section 246.5 entitles employees to use paid sick leave for "[d]iagnosis, care, or treatment of an existing health condition of, or preventive care for, an employee or an employee's family member." *Id.* § 246.5(a)(1).

Section 245.5 is the law's definitional provision. It says that "Employee" "does not include" certain individuals employed by air carriers and others covered by CBAs, among other categories of individuals. *Id.* § 245.5(a)(1), (3). As to air carriers, "[a]n individual employed by an air carrier as a flight deck or cabin crew member that is subject to Title II of the federal Railway Labor Act [(RLA)]" is not an "employee" "provided that the individual is provided with compensated time off equal to or exceeding" "one hour per every 30 hours worked." *Id.* §§ 245.5(a)(3), 246(b)(1). Title II of the RLA applies to "every common carrier by air engaged in interstate or foreign commerce," 45 U.S.C. § 181— in other words, all commercial air carriers.

Section 245.5 also excludes from its employee definition individuals "covered by a valid collective bargaining agreement" if the agreement meets certain criteria. Cal. Lab. Code § 245.5(a)(1). Specifically, the CBA must (1) cover "wages, hours of work, and working conditions of employees," (2) provide "paid sick days or a paid leave or paid time off policy that permits the use of sick days for those employees," (3) provide "final and binding arbitration of disputes concerning the application of its paid sick days provisions," (4) provide "premium wage rates for all overtime hours worked," and (5) provide for a "regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate." *Id.*

3

326125998v.3

**B.** **Factual background**

**1.** **Estrada's employment as a flight attendant with Alaska is governed by a CBA.**

Estrada worked as a flight attendant with Alaska between July 2022 and June 2024. *See* FAC, ¶ 4. His employment was governed by a CBA negotiated between Alaska and the Association of Flight Attendants-CWA (AFA). *See* Request for Judicial Notice (RJN), Exs. A, B. The AFA has successfully negotiated a suite of generous paid leave benefits, including vacation pay and sick pay. *See, e.g.*, RJN, Ex. A at Sections 14, 16.

Relevant to the bargained-for sick leave benefits, Alaska flight attendants' pay is determined through complex formulas set by the CBA. *See* RJN, Ex. A, Section 21. Under Alaska's Trips for Pay (TFP) system, flight attendants earn credit based on flight mileage: 1 TFP for flights up to 243 miles, plus 0.1 TFP for each additional 40-mile increment. *Id.* at Section 21.E. A flight's TFP value is multiplied by the flight attendant's seniority-based Step Rate, and then by the applicable pay type (standard or premium). *Id.* at Sections 21.A and 21.E.

The CBA in effect during Estrada's employment provided for accrual of one TFP of sick leave per ten TFP flown or credited into a sick leave bank. *Id.* at Section 16.A.1. The CBA enables Alaska flight attendants to use their sick leave to care for themselves or their family members, among many other reasons. *Id.* at Section 16.B and C, Letter of Agreement 5.

To ensure that Alaska can meet its federal obligation to staff sufficient flight attendants on each flight, the CBA also includes a points-based attendance policy that assigns points for various attendance events, such as not showing up to work without notice under certain circumstances. *Id.* at Section 32.E; *see* FAC, ¶ 14. That policy progressively disciplines flight attendants once they reach certain point levels. RJN, Ex. A at Section 32.E.1. For example, a flight attendant who reaches 5 points is counseled on his attendance, and a flight attendant who reaches 9.5 points receives a final warning. *Id.* Once a flight attendant receives twelve points, he is "subject to termination." *Id.* But points are not set in stone. The CBA provides flight attendants with myriad ways to reduce their point total, ways to avoid

4

326125998v.3

receiving points in the first place, and prohibits certain points from remaining on a flight attendant's record for more than 18 months. *Id.* at Section 32.G.

### 2. Estrada alleges his employment with Alaska was terminated because he accumulated too many attendance points.

Alaska terminated Estrada's employment on June 20, 2024, after he accumulated 12 attendance points. FAC, ¶¶ 15–22. Estrada alleges that 8.5 of those 12 points "were assigned to him for taking sick leave." *Id.* ¶ 21. Specifically, Estrada claims that he was given 2 points for sick leave between April 18 and 21, 2023; 2.5 points for calling in sick with less than two hours' notice on July 6, 2023; 0.5 points on each of July 7, 2023, and November 11–12, 2023, for sick leave; and 3 points on February 18, 2024, for a no-call no-show after he failed to call in to take sick leave. *Id.* ¶ 16–20. Consequently, Estrada claims that Alaska "penalized [him] for taking sick leave." *Id.* ¶ 22.

### C. Procedural background

#### 1. Estrada sues Alaska in California state court on behalf of himself and a putative class of California flight attendants.

Estrada sued Alaska in the California Superior Court for the County of Alameda on February 3, 2025. *See generally* ECF No. 1-3 at 2–15. Soon after, on February 13, 2025, Estrada filed the operative FAC. *See generally* FAC. The FAC alleges that Alaska violated California Labor Code § 233 by applying the attendance point system in a manner that "treats sick leave as an absence that can lead to or result in discipline, including termination." FAC, ¶ 42. Estrada also claims that Alaska's alleged Section 233 violation is an unlawful business practice that violates California Business & Professions Code § 17200. *Id.* ¶¶ 45–56.

Estrada also seeks to represent members of a putative class. He presses his claims on behalf of "[a]ll California-based flight attendants employed by Alaska Airlines between November 27, 2020 and the date of class notice." *Id.* ¶ 23. He also seeks to represent "a subclass of those class members that [Alaska] terminated because they accumulated sufficient points" under the attendance policy "to warrant termination at least in part due to points arising from taking sick leave." *Id*. ¶ 24. Finally, Estrada seeks

5

326125998v.3

to prosecute the case as a private attorney under California's Private Attorneys General Act (PAGA). *Id.* ¶¶ 35–37.

Alaska now moves for judgment on the pleadings.

## III.   LEGAL STANDARD

A "Rule 12(c) motion is 'functionally identical' to a Rule 12(b)(6) motion." *Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017). Under Rule 12(c), like under Rule 12(b)(6), the "court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). Consequently, the Court should dismiss the complaint if the plaintiff lacks a cognizable legal theory. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019).

A Rule 12(c) motion may rely on the complaint's allegations, any materials that the complaint incorporates by reference (such as the CBA Estrada's FAC references, *see* FAC, ¶¶ 11–13, referencing the CBA's sick leave and attendance provisions), or any materials subject to judicial notice under Federal Rule of Evidence 201(b) (such as CBAs generally). *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) ("When considering a motion for judgment on the pleadings, this court may consider facts that 'are contained in materials of which the court may take judicial notice.'") (quoting *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994)). Courts routinely take judicial notice of the governing CBA where necessary to resolve Rule 12 motions. *See, e.g.*, *Johnson v. Sky Chefs, Inc.*, No. 11-CV-05619-LHK, 2012 WL 4483225, at *1 n.1 (N.D. Cal. Sept. 27, 2012).

## IV.   ARGUMENT

Estrada's claims fail as a matter of law because he is not an "employee" covered by California Labor Code § 233. Section 245.5's exclusions from the definition of "employee" apply to Section 233, and Estrada falls under two of the exclusions—one for cabin-crew members and one for those covered by a qualifying CBA.

Section 233 itself doesn't define the term "employee," but California law's tools of statutory interpretation make clear that Section 245.5's definition controls. California statutes should be construed to advance the Legislature's intent. *McCarther v. Pacific Telesis Group*, 48 Cal. 4th 104, 110 (2010).

6

326125998v.3

California courts therefore routinely rely on canons of construction like the *in pari materia* doctrine and the statutory-reference canon, and consult legislative history. *See, e.g.*, *id.* Here, Sections 233 and Section 245.5, as well as the other provisions incorporating Section 245.5's definitions, including Section 246.5, work together to implement California's paid sick-leave requirements. And the legislative history shows that the California Legislature intended for them to work hand-in-glove. Section 233 even refers explicitly to Section 245.5. The provisions thus must be construed together and harmonized to ensure a coherent statutory scheme. That means reading "employee" in Section 233 to incorporate the definition of "employee" from coordinated Section 246.5.

Estrada is not an "employee" under Section 245.5(a) because he is a cabin-crew member and because his employment was governed by a qualifying CBA. The cabin-crew exemption applies to Estrada. Section 245.5(a)(3) provides that "[a]n individual employed by an air carrier as a flight deck or cabin crew member that is subject to Title II of the" RLA is not an "employee" "provided that the individual is provided with compensated time off equal to or exceeding" "one hour per every 30 hours worked." *Id.* §§ 245.5(a)(3), 246(b)(1). Title II of the RLA applies to "every common carrier by air engaged in interstate or foreign commerce." 45 U.S.C. § 181. Estrada satisfies this exemption because he was a cabin-crew member as a flight attendant; Alaska is an air carrier engaged in interstate commerce; and Estrada accrued time off exceeding one hour for every 30 hours worked under the CBA.

The CBA exemption also applies. Under Section 245.5(a)(1), an individual is excluded from the definition of "employee" if his employment is governed by a CBA covering "wages, hours of work, and working conditions of employees"; providing "paid sick days or a paid leave or paid time off policy"; providing for "final and binding arbitration of disputes"; requiring "premium wage rates for all overtime hours worked"; and providing "regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate." Cal. Lab. Code § 245.5(a)(1). The CBA governing Estrada's employment meets each requirement.

Any attempt by Estrada to amend the Complaint for a second time would be futile because he cannot plead around either exemption. This Court should therefore dismiss Estrada's claims with prejudice and enter judgment on the pleadings.

7

ALASKA'S MOTION FOR JUDGMENT ON THE PLEADINGS
3:25-CV-08091-SK

326125998v.3

**A.    Applying  California's statutory-construction tools makes clear that an individual excluded from Section 245.5's definition of "employee" is not entitled to Section 233's sick-leave protections.**

When construing California statutes, a court's "primary task … is to determine the intent of the Legislature." *McCarther*, 48 Cal. 4th at 110. To do so, courts construe the plain text "in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized … to the extent possible." *Id.* The *in pari materia* doctrine, legislative history, and the statutory-reference canon inform this analysis.

California law's rules of statutory construction make clear that Section 245.5's definition of "employee" applies to Section 233. Sections 233 and 245.5 are *in pari materia* because, through the 2015 amendments to Section 233, they were designed to work together to regulate employer-provided paid sick leave, as the relevant legislative history confirms. Indeed, Section 233 now incorporates by reference Section 245.5—along with another HWHFA provision, Section 246.5. In short, Sections 233, 245.5, and 246.5 contemplate a single definition of "employee" governing employer-provided paid sick leave—the definition provided in Section 245.5(a).

**1.    The *in pari materia* canon confirms that Section 245.5's "employee" definition applies to Section 233.**

Statutes are *in pari materia* if they address the same subject or were designed to work together, and courts may consult legislative history to determine whether two statutory provisions fall into this category. *In pari materia* means "[o]n the same subject" or "relating to the same matter." *In pari materia*, BLACK'S LAW DICTIONARY (12th ed. 2024). Statutes are *in pari materia* when they "relate to the same person or thing, to the same class of persons or things, or have the same purpose or object." *Lexin v. Superior Court*, 47 Cal. 4th 1050, 1091 (2010). "Statements of legislative committees pertaining to the purpose of legislation" inform whether statutes are *in pari materia* because they "are presumed to express the legislative intent of statutes as enacted." *Altaville Drug Store, Inc. v. Employment Development Department*, 44 Cal. 3d 231, 238 (1988).

Under California law, statutes *in pari materia* "should be interpreted consistently to effectuate congressional intent." *American Airlines, Inc. v. County of San Mateo*, 12 Cal. 4th 1110, 1129 (1996);

326125998v.3

*accord Altaville Drug Store*, 44 Cal. 3d at 236–37. As part of that consistent construction, "[i]dentical language" appearing in statutes *in pari materia* "should be accorded the same interpretation." *Kaanaana v. Barrett Business Services, Inc.*, 11 Cal. 5th 158, 175 (2021). For example, in *Brown v. City of Inglewood*, 18 Cal. 5th 33, 46 (2025), the Supreme Court of California concluded that statutes "address[ing] public worker whistleblowing" were *in pari materia* with the statutory provision conferring whistleblower protection on public employees, found in California Labor Code § 1106. Consequently, the court held that it was "reasonable" to consider these other statutory provisions "in determining the scope of 'employee' under section 1106." *Id.*

Section 233 and Section 245.5 are *in pari materia* and must be construed together. Under the best reading, Section 245.5's definition of "employee" applies to Section 233. Sections 233 and 245.5 address the same subject matter and pursue the same goal—implementing California's policies governing paid sick leave. Under Section 233, with respect to certain sick leave, "[a]n employer shall not deny an employee the right to use sick leave or discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using, or attempting to exercise the right to use, sick leave to attend to an illness or the preventative care of a family member, or for any other reason specified in subdivision (a) of Section 246.5." Cal. Lab. Code § 233(c). And Section 245.5 defines terms including "employee," "employer," "family member," and "paid sick days." *Id.* § 245.5. The Legislature designed the HWHFA, which includes Section 245.5, to ensure qualifying employees can accrue and "access paid sick days." 2014 Cal. Legis. Serv. Ch. 317. And the stated purpose of the 2015 bill amending Section 233 is to "require an employer to permit an employee to use sick leave for the purposes specified in the Healthy Workplaces, Healthy Families Act." 2015 Cal. Legis. Serv. Ch. 802.

Sections 233 and 245.5 must be harmonized because they are *in pari materia*. *Kaanaana*, 11 Cal. 5th at 175. And, to harmonize them, Section 233 must incorporate Section 245.5's definition of "employee." *See generally Brown*, 18 Cal. 5th at 46.

ALASKA'S MOTION FOR JUDGMENT ON THE PLEADINGS
3:25-CV-08091-SK

326125998v.3

### 2. Legislative history further confirms that Section 245.5's "employee" definition applies to Section 233.

Legislative history shows Sections 233 and 245.5 have the same legislative purpose and were designed to work together. The California Legislature enacted Section 233 in 1999 to "require an employer who provides sick leave for employees to permit an employee to use the sick leave to attend to the illness of a child, parent, or spouse of the employee." Senate Committee on Industrial Relations Bill Analysis, A.B. 109 (March 25, 1999). In 2014, the Legislature enacted the HWHFA to "require employers to provide paid sick leave" in the first place. Assembly Committee on Labor and Employment, AB 1522 (March 13, 2014). It then amended Section 233 in 2015 to "more closely align [it] with" the HWHFA "by allowing parents to use their sick days to take their family members to a preventative health appointment." S. Comm. on Labor & Indus. Relations, Comm. Rep. on S.B. 579 (Apr. 20, 2015). The Senate Rules Committee's analysis of the 2015 amendment likewise explained that the amendments would "[r]evise[] the Kin Care provisions in existing law to be consistent with" the HWHFA, and "[a]lign[ the] Kin Care law with the provisions in the new" law. S. Rules Comm., Bill Analysis, S.B. 579 (May 7 & June 2, 2015). The clear goal of the 2015 amendments therefore was to ensure the Kin Care law's scope matched that of the HWHFA.

### 3. The statutory-reference canon also confirms that Section 246.5's "employee" definition applies to Section 233.

Under the statutory-reference canon, utilized by both California and federal courts, where one statute "adopts by specific reference the provisions of another statute," those "provisions are incorporated" into the first statute. *People v. Rojas*, 15 Cal. 5th 561, 570 (2023); *see also Jam v. Int'l Fin. Corp.*, 586 U.S. 199, 209 (2019); *United States v. Iverson*, 162 F.3d 1015, 1018–21 (9th Cir. 1998). When a statute refers to another statute by specific title or section number, it "in effect cuts and pastes the referenced statute as it existed when the referring statute was enacted." *Jam*, 586 U.S. at 209.

The Ninth Circuit has made clear that, when a statute incorporates another statutory provision by reference, it brings with it the referenced statute's defined terms and definitions. *See Iverson*, 162 F.3d at 1020. *Iverson* illustrates this principle. There, the defendant was convicted of violating water-pollution

10

326125998v.3

standards contained in the Clean Water Act (CWA), the Washington Administrative Code, and the City of Olympia's Municipal Code. *Id.* at 1018. He argued that the state and federal definitions of "pollutant" did not apply because the municipal code incorporated the relevant federal standards only by reference. *Id.* at 1020.

The Ninth Circuit rejected that argument, explaining that the incorporated federal provisions prohibited discharging "[a]ny trucked or hauled pollutants" except at designated points, and that the CWA defined "pollutant" to include "industrial . . . . waste discharged into water." *Id.* (citing 40 C.F.R. § 403.5(b)(8); 33 U.S.C. § 1362(6)). Reading the provisions together, the court concluded, "Because the WAC and the Olympia code incorporate the federal standard by reference, they also prohibit the discharge of 'any trucked or hauled industrial waste except at discharge points designated by the POTW.'" *Id.* at 1020–21. Thus, the incorporated definition of "pollutant" applied with full force.

Here, Section 233's "sick leave" definition refers to "the reasons specified in § 246.5(a)." That is a general reference to the HWHFA's coverage. Under *Jam* and *Rojas*, Section 233 therefore incorporates the then-applicable HWHFA coverage terms that give § 246.5(a) legal effect, rather than divorcing the "reasons" from the HWHFA's definitions. 586 U.S. at 208–11; 15 Cal. 5th at 569–72.

Section 233's cross-references to Section 246.5 prove the point. Section 246.5(a) requires employers to provide sick leave to employees for, as relevant here, "[d]iagnosis, care, or treatment of an existing health condition of, or preventative care for, an employee or an employee's family member." Cal. Lab. Code § 246.5(a)(1). Section 233(c), in turn, prohibits an employer from denying an employee "the right to use [some] sick leave" or retaliating against an employee for using some sick leave for, among other things, "any other reason specified in subdivision (a) of section 246.5." *Id.* § 233(c). Put differently, Section 246.5 requires employers to provide sick leave, and Section 233 prohibits employers from retaliating against employees for using some of it. The Section 245.5 definition of "employee" applies to Section 246.5 with one express modification. *Id.* § 246.5(d). Thus, if "employee" meant something different in Section 233 than it means in Sections 245.5 and 246.5, then Section 233(c) would prohibit employers from denying some sick leave to or retaliating against a different subset of "employees" than Section 246.5 entitles to sick leave in the first place. That would make little sense, and

11

326125998v.3

would create administrative complications for courts, employers, and employees alike. It would also frustrate the Legislature's stated intention to "align" and make "consistent" the HWHFA and Section 233. *See* S. Comm. on Labor & Indus. Relations, Comm. Rep. on S.B. 579 (Apr. 20, 2015); S. Rules Comm., Bill Analysis, S.B. 579 (May 7 & June 2, 2015).

Section 233 also incorporates Section 245.5 by reference. Section 233 cross-references Section 245.5 once and Section 246.5—to which Section 245.5 expressly applies—three times. *See* Cal. Lab. Code §§ 233, 245.5, 246.5. And because Section 233 "adopts by specific reference the provisions of" the HWHFA—Sections 245.5 and 246.5—those "provisions are incorporated" into Section 233. *See Rojas*, 15 Cal. 5th at 570. Those repeated cross-references confirm that the California Legislature intended for Sections 233, 245.5, and 246.5 to be read together and harmonized to apply to the same sets of employees.

In short, Section 233 links its scope to Sections 245.5 and 246.5, thereby aligning its coverage with that of the HWHFA. By its terms, Section 233 applies only when an individual has qualifying reasons to use some paid sick leave under Section 246.5(a). Alaska's flight attendants do not qualify for any of the reasons stated under that section because they are not "employees" since they fall within the Act's CBA and cabin-crew exemptions.

It is thus no surprise that several courts have recognized that Section 245.5's definition of "employee" applies to Section 233. In *Foster v. Sygma Network, Inc.*, the plaintiff asserted claims for denial of, and discrimination based on the use of, sick leave in violation of Sections 233, 234, and 246.5. 2021 WL 4812993, \*4 (C.D. Cal. Mar. 26, 2021). The Court concluded that since the plaintiff's employment was governed by a CBA that met Section 245.5's requirements, Sections 233, 234, and 246.5 did not apply and granted summary judgment to the defendant. *Id.*

Similarly, in *Chatman v. WeDriveU, Inc.*, the court granted a Rule 12(c) motion and held that Section 245.5's CBA exemption triggered federal preemption of the plaintiff's Section 233 claim. 2022 WL 15654244, at \*11–12 (N.D. Cal. Oct. 28, 2022). Because the CBA exemption applied, the court concluded that the defendant's sick-pay obligations existed solely by virtue of the CBA, not the

ALASKA'S MOTION FOR JUDGMENT ON THE PLEADINGS
3:25-CV-08091-SK

326125998v.3

HWHFA, which in turn brought the claim within the scope of LMRA preemption. The court therefore entered judgment on the pleadings on the Section 233 claim. *Id.*

*Sorensen v. Nat'l R.R. Passenger Corp.* also is instructive. That case involved a whistleblower-retaliation claim where the plaintiff's protected activity was questioning whether his employer's attendance policy, which counted paid sick time as an occurrence, violated Labor Code Section 233. *Sorenson*, 2017 WL 6550426, at *2 (C.D. Cal. Sept. 27, 2017), *aff'd in part, rev'd in part, and remanded*, 786 F. App'x 652 (9th Cir. 2019). The defendant argued that the plaintiff's belief was unreasonable because he was covered by a qualifying CBA and thus not subject to Section 233. The court agreed that the plaintiff's interpretation was legally wrong, but nonetheless held that his belief was reasonable. It explained that the statutory scheme is not "plain or straightforward" to a layperson because the relevant CBA exemption appears in Section 245.5 rather than in Section 233 itself. *Id.* at 6.

**B.    Estrada's claims fail because he falls under the cabin-crew member exception and the CBA exemption to Section 233 and 245.5's definition of "employee."**

The Court should grant judgment on the pleadings because Estrada's claims fail as a matter of law under Sections 233 and 245.5. Both of Estrada's claims turn on his assertion that he is an "employee" under Section 233. FAC, ¶¶ 44, 47–48. But he is not. Section 245.5(a) excludes certain categories of individuals from the definition of "employee." Two of those exemptions apply to Estrada—the exemption for cabin-crew members and the exemption for individuals whose employment is covered by a qualifying CBA.

**1.    Estrada is not an "employee" covered by Section 245.5(a) because he falls under the exception for "cabin crew member[s]" "employed by an air carrier" in Section 245.5(a)(3).**

Section 245.5(a)(3) says that "[e]mployee" does not include individuals "employed by an air carrier as a flight deck or cabin crew member" so long as the air carrier is "subject to Title II of the" RLA and "is provided with compensated time off equal to or exceeding the amount established in paragraph (1) of subdivision (b) of Section 246." Cal. Lab. Code § 245.5(a)(3). Title II of the RLA regulates "every common carrier by air engaged in interstate or foreign commerce." 45 U.S.C. § 181. And Section 246(b)(1) provides that "[a]n employee shall accrue paid sick days at the rate of not less

13

326125998v.3

than one hour per every 30 hours worked." Cal. Lab. Code § 246(b)(1). Putting the definitions together shows that a cabin-crew member of any air carrier engaged in interstate or foreign commerce who accrues at least 1 hour of paid sick time for every 30 hours worked is not an "employee" for Section 233 purposes.

The cabin-crew exemption applies to Estrada. *First*, Estrada was a cabin-crew member because he was a flight attendant, FAC, ¶ 4, and Alaska is an "air carrier" "subject to Title II of the" RLA because it is "engaged in interstate or foreign commerce," Cal. Lab. Code § 245.5(a)(3); 45 U.S.C. § 181. Estrada also "accrue[d] paid sick days at the rate of not less than one hour per 30 hours worked." Cal. Lab. Code § 246(b)(1); *see id.* § 245.5(a)(3). Because under Estrada's CBA Alaska provides sick leave in TFP as a fraction of TFP flown or credited, *see* RJN at Ex. A, Section 16.A, Alaska is providing sick at an accrual rate of 10% of the relevant metric, which is greater than the statutory requirement to provide sick at a rate of 3.3333% of hours worked. In other words, the CBA's sick leave accrual is approximately three times the accrual required under Section 246(b)(1).

### 2. Estrada's claims also fail because he is "covered by a valid collective bargaining agreement" that satisfies each of the requirements in California Labor Code § 245.5(a)(1).

The CBA exemption applies to individuals who are "covered by a valid collective bargaining agreement if the agreement" (1) "expressly provides for the wages, hours of work, and working conditions of employees," (2) "expressly provides for paid sick days or a paid leave or paid time off policy that permits the use of sick days for those employees," (3) provides for "final and binding arbitration of disputes concerning the application of its paid sick days provisions," (4) provides "premium wage rates for all overtime hours worked," and (5) provides "regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate." *Id.* § 245.5(a)(1).

The CBA governing Estrada's employment meets each requirement. *First*, the CBA governs flight-attendant wages (in Section 21), hours (in Section 8), and working conditions (in Section 25). RJN, Ex. A, at Sections 8, 21, and 25. *Second*, the CBA provides flight attendants with paid sick leave and contains a policy for using those days in Section 16. *Id.* at Sections 16 and 32. *Third*, the CBA provides for final and binding arbitration of disputes concerning its paid sick leave provisions. *Id.* at

14

ALASKA'S MOTION FOR JUDGMENT ON THE PLEADINGS
3:25-CV-08091-SK

326125998v.3

Sections 19 and 20. *Fourth*, the CBA provides for "premium wage rates for all overtime hours worked." Cal. Lab. Code § 245.5(a)(1). For example, if a flight attendant's "duty time exceeds twelve hours and thirty minutes," he will be paid two times the trip rate until he "receives legal crew rest." RJN, Ex. A, at Sections 8.F and 21.

*Finally*, the CBA provides pay at a rate "not less than 30 percent more than the state minimum wage rate." Cal. Lab. Code § 245.5(a)(1). From 2022 to 2024—the years Estrada worked at Alaska—California's minimum wage ranged from $15 to $16 per hour, and 30% more than the minimum wage ranged from $19.50 to $20.80 per hour.[1] The flight-attendant pay structure under the CBA well exceeded these figures, even for the lowest-paid flight attendants. Flight attendants like Estrada made more than 30% more than California's minimum wage, even if they received only standard TFP for work under the CBA. The lowest paid flight attendant from 2022 to 2024 made $24.95 per TFP. *See* RJN, Ex. A. at Section 21.A and Ex. B. Because TFP is smaller than hours, *see* RJN Ex. A at Sections 6.E.2.c, 16.E.1, 15.N, 23.C.7.a, the lowest step rate exceeds 130% times the minimum wage.

Estrada's employment was covered by a valid CBA which satisfied each requirement under Section 245.5(a)(1). He was thus not an "employee" for Section 233 purposes during his time with Alaska, and his claims fail as a matter of law.

A contrary interpretation of the CBA would run afoul of the RLA by requiring the Court to interpret a labor contract. The RLA establishes "a comprehensive framework for resolving labor disputes," *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994), requiring arbitration of all disputes "growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions," 45 U.S.C. § 153(i). If the California Labor Code's CBA exemption didn't capture flight attendants like Estrada—or if Estrada here disputes the interpretation of the CBA set out above—then the Court would be forced to examine and interpret the CBA, including the complex pay and sick leave rules under the TFP system. But all disputes that require a court "to examine each form of pay provided by the CBA" and then to determine how that rate was computed

---

[1] *See* State of California Department of Industrial Relations, *Minimum Wage Frequently Asked Questions* (updated Dec. 2025), https://www.dir.ca.gov/dlse/faq_minimumwage.htm; Cal. Lab. Code § 1182.12.

15

326125998v.3

under the CBA to resolve questions of state law means that "the resolution of the claim requires interpretation of a CBA" and "the complaint is preempted" by the RLA. *McKinley v. Southwest Airlines Co.*, 680 Fed.App'x. 522, 534–25 (9th Cir. 2017).

### C.    The Court should not allow Estrada to amend his Complaint.

Estrada should not be allowed to amend his Complaint because his claims fail as a matter of law and additional allegations cannot cure the defect. Leave to amend should be granted "when justice so requires," Fed. R. Civ. P. 15(a), but not if amendment would be futile, *G.B. by and through G.P. v. EPA*, 172 F.4th 1042, 1064–65 (9th Cir. 2026). Any amendment here would be futile because both of Estrada's claims rely on the legally incorrect premise that he is an "employee" under Section 233. His first claim is for violation of Section 233, and his second is for a violation of Section 17200, which Estrada claims the Section 233 violation serves as a "predicate act[]" for. FAC, ¶ 48. Estrada admits that he was a flight attendant for an air carrier, FAC, ¶¶ 4–5. And the CBA is subject to judicial notice. *See* Fed. R. Evid. 201(b)(2); *Sarmiento v. Sealy, Inc.*, 367 F. Supp. 3d 1131, 1142 (N.D. Cal. 2019) ("Courts regularly 'take judicial notice of a CBA in evaluating a motion to dismiss.' . . . In particular, '[c]ourts routinely take judicial notice of the governing collective bargaining agreement where necessary to resolve issues of preemption.'") (quoting *Hernandez v. Sysco Corp.*, 2017 WL 1540652, at *2 (N.D. Cal. 2017) and *Johnson*, 2012 WL 4483225, at *1 n.1); *In re Financial Oversight & Management Board for Puerto Rico*, 979 F.3d 10, 17 (1st Cir. 2020) (taking judicial notice of a CBA); *International Brotherhood of Electrical Workers, Local 111 v. Public Service Co. of Colorado*, 773 F.3d 1100, 1102 (10th Cir. 2014) (same). The record thus makes clear that Estrada is not an "employee" under Section 233 as a matter of law, and that result is fatal to both of Estrada's claims, which both rest on an alleged violation of Section 233. No additional facts pleaded in a second amended complaint could give Estrada a viable legal theory.

## V.    CONCLUSION

The Court should enter judgment on the pleadings for Alaska and dismiss Estrada's First Amended Complaint with prejudice.

326125998v.3

DATED: May 26, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Ryan McCoy*
Ryan McCoy
Taylor D. Horn
Attorneys for Defendant
ALASKA AIRLINES, INC.

17

ALASKA'S MOTION FOR JUDGMENT ON THE PLEADINGS
3:25-CV-08091-SK

326125998v.3