Xinying Valerian (SBN 254890)
xinying@valerian.law
Dan Gildor (SBN 223027)
dan@valerian.law
Felicia Medina (SBN 255804)
felicia@valerian.law
Risa Nagel (SBN 358710)
risa@valerian.law
VALERIAN LAW, P.C.
2222 Harold Way
Berkeley, CA 94704
Tel: (888) 686-1918
Fax: (510) 982-4513

Attorneys for Plaintiff Daniel Estrada and the Proposed Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ESTRADA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALASKA AIRLINES, INC. and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 3:25-cv-08091-SK<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS<br><br><br>Date:   July 13, 2026<br>Time:   9:30 a.m.<br>Judge:  The Honorable Sallie Kim |

## TABLE OF CONTENTS

I.      INTRODUCTION ............................................................................................... 1

II.     THE STANDARD ON A MOTION FOR JUDGMENT ON THE PLEADINGS ................. 2

III.    ARGUMENT ..................................................................................................... 2

        A.      CALIFORNIA LAW APPLIES ................................................................3

        B.      THE MEANING OF "EMPLOYEE" IN SECTION 245.5 DOES NOT
                APPLY ..............................................................................................3

                1.      Section 245.5 Limits the Scope of the Definitions Therein to
                        Article 1.5 ..............................................................................4

                2.      Section 245 Precludes Any Construction that Diminishes
                        Preexisting Rights under Other Laws ..........................................5

        C.      ALASKA'S RESORT TO INTERPRETIVE CANONS OF
                CONSTRUCTION IS MISPLACED ...........................................................6

                1.      The Court Must Define "Employee" by its Common Law Meaning ...............7

                        a)      The Legislature Imported Only Two Definitions into Section
                                233 and "Employee" Was Not One of Them...........................7

                        b)      The Legislative History Confirms the Legislature Did Not
                                Intend to Import Section 245.5's Employee Exemptions into
                                Section 233..............................................................8

                2.      The *In Pari Materia* Doctrine Does Not Apply...............................9

                        a)      The Statutory Text Is Not Ambiguous..................................10

                        b)      Section 233 and the HWHFA Do Not Share the Same Purpose..........11

                        c)      Even If the Statutes Were In Pari Materia, the Doctrine Cannot
                                Introduce an Exception That Does Not Otherwise Exist..................12

                3.      The Statutory-Reference Canon Is Inapposite ..................................13

                4.      Alaska's Construction Produces Absurd Results..............................14

        D.      ALASKA'S CASES DO NOT MANDATE A DIFFERENT RESULT.....................15

                1.      *Brown* Forecloses Alaska's *In Pari Materia* Argument .................15

                2.      *Iverson* Does Not Support Alaska's Statutory-Reference Chain.............16

                3.      Alaska Misrepresents the Holdings of *Sorensen*, *Foster*, and
                        *Chatman*..............................................................................16

i

E.    EVEN IF SECTION 245.5 APPLIES, THE EXEMPTIONS CANNOT BE ESTABLISHED ON THE PLEADINGS ................................................................18

    1.    The Cabin-Crew Exemption Cannot Be Established on the Pleadings ..................................................................................19

    2.    The CBA Exemption's Five-Factor Test Cannot Be Established on the Pleadings ..............................................................20

IV.    THE UCL CLAIM SURVIVES ALONG WITH THE SECTION 233 CLAIM ................... 21

V.    THE COURT SHOULD REJECT DEFENDANT'S REQUEST FOR JUDICIAL NOTICE .............................................................................................. 21

A.    NEITHER THE FAC NOR THE PAGA LETTER MENTION A COLLECTIVE BARGAINING AGREEMENT, AND PLAINTIFF'S CLAIMS DO NOT DEPEND ON IT ...........................................................21

B.    THE CBA IS NOT SUBJECT TO JUDICIAL NOTICE IN THE WAY ALASKA REQUESTS ....................................................................22

VI.    CONCLUSION ..........................................................................................23

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR    Case No. 25-cv-08091-SK
JUDGMENT ON THE PLEADINGS

# TABLE OF AUTHORITIES

**Federal Cases**

*Bollinger v. Residential Capital, LLC*,
  761 F. Supp. 2d 1114 (W.D. Wash. 2011) .......................................................................... 19

*Chatman v. WeDriveU, Inc.*, Case No. 3:22-CV-04849-WHO,
  2022 WL 15654244 (N.D. Cal. Oct. 28, 2022) ................................................................ 17

*Chavez v. United States*,
  683 F.3d 1102 (9th Cir. 2012) .............................................................................................. 2

*Connecticut Nat. Bank v. Germain*,
  503 U.S. 249 (1992) ............................................................................................................. 7

*Cooper Indus., Inc. v. Aviall Servs., Inc.*,
  543 U.S. 157 (2004) ...................................................................................................... 17, 18

*Erlenbaugh v. United States*,
  409 U.S. 239 (1972) ........................................................................................................... 12

*Foster v. Sygma Network, Inc.*, Case No. 2:20-CV-07003-SB-PD,
  2021 WL 4812993 (C.D. Cal. Mar. 26, 2021) .................................................................. 17

*Gloeckner v. Kraft-Heinz Foods Co.*, LLC,
  2021 WL 922048 (D. Or. 2021) .................................................................................... 22, 23

*Godecke v. Kinetic Concepts, Inc.*,
  937 F.3d 1201 (9th Cir. 2019) .............................................................................................. 2

*Gregg v. Hawaii, Dep't of Pub. Safety*,
  870 F.3d 883 (9th Cir. 2017) ................................................................................................ 2

*Gregoire v. United Healthcare Servs., Inc.*, No. C 18-04764 WHA,
  2018 WL 4635630 (N.D. Cal. Sept. 27, 2018) ................................................................. 21

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*,
  896 F.2d 1542 (9th Cir. 1989) .............................................................................................. 2

*In re Penrod*,
  611 F.3d 1158 (9th Cir. 2010) ............................................................................................ 13

*In re Perroton*,
  958 F.2d 889 (9th Cir. 1992) .............................................................................................. 12

*Interpipe Contracting, Inc. v. Becerra*,
  898 F.3d 879 (9th Cir. 2018) ................................................................................................ 2

*Jam v. Int'l Fin. Corp.*,
  586 U.S. 199 (2019) ...................................................................................................... 13, 14

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) ......................................................................................... 21, 22

iii

*LA Alliance for Human Rights v. County of Los Angeles*,
14 F.4th 947 (9th Cir. 2021) ............................................................................................... 23

*Lefevre v. Pac. Bell Directory*,
2014 WL 5810530 (N.D. Cal. 2014) .................................................................................... 22

*Nicholas v. City of West Covina*, No. 2:22-CV-02425-PA-JC,
2024 WL 3463169 (C.D. Cal. June 12, 2024) ................................................................. 2, 18

*Parrino v. FHP, Inc.*,
146 F.3d 699 (9th Cir. 1998) ............................................................................................... 21

*Qwest Commc'ns Corp. v. City of Berkeley*,
208 F.R.D. 288 (N.D. Cal. 2002) ......................................................................................... 20

*Rotkiske v. Klemm*,
589 U.S. 8 (2019) ..................................................................................................................... 8

*Samsung Elecs. Co. v. Blaze Mobile, Inc.*,
673 F. Supp. 3d 1066 (N.D. Cal. 2023) ................................................................................. 2

*Santa Clarita Valley Water Agency v. Whittaker Corp.*,
99 F.4th 458 (9th Cir. 2024) .................................................................................................. 3

*Schroeder v. Envoy Air, Inc.*, Case No. CV 16-04911-MWF-KS,
2017 WL 10525816 (C.D. Cal. 2017) .................................................................................. 22

*Sorensen v. National Railroad Passenger Corp.*, Case No. ED CV 16-01343-AB (JPRx),
2017 WL 6550426 (C.D. Cal. Sept. 17, 2017) ............................................................... 16, 17

*Taniguchi v. Kan Pac. Saipan, Ltd.*,
566 U.S. 560 (2012) ................................................................................................................ 7

*United States ex rel. Lee v. Corinthian Colleges*,
655 F.3d 984 (9th Cir. 2011) ............................................................................................... 23

*United States v. Garcia-Paz*,
282 F.3d 1212 (9th Cir. 2002) ............................................................................................... 4

*United States v. Iverson*,
162 F.3d 1015 (9th Cir. 1998) ............................................................................................. 16

*United States v. Kirilyuk*,
29 F.4th 1128 (9th Cir. 2022) ......................................................................................... 17, 18

*United States v. Reinhart*,
893 F.3d 606 (9th Cir. 2018) ............................................................................................... 12

*United States v. Ritchie*,
342 F.3d 903 (9th Cir. 2003) ........................................................................................... 2, 21

*United States v. Sinerius*,
504 F.3d 737 (9th Cir. 2007) ............................................................................................... 12

iv

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR          Case No. 25-cv-08091-SK
JUDGMENT ON THE PLEADINGS

*United States v. Sweet*,
  245 U.S. 563 (1918)................................................................................................................ 7

*Wright v. Schock*,
  742 F.2d 541 (9th Cir. 1984) ............................................................................................... 23

**California Cases**

*All Angels Preschool/Daycare v. Cnty. of Merced*,
  197 Cal. App. 4th 394 (2011) ................................................................................................ 7

*Arnold v. Mut. of Omaha Ins. Co.*,
  202 Cal. App. 4th 580 (2011) ............................................................................................... 1

*Brown v. City of Inglewood*,
  18 Cal. 5th 33 (2025) ..................................................................................................... 15, 16

*Droeger v. Friedman, Sloan & Ross*,
  54 Cal. 3d 26 (1991) ........................................................................................................... 10

*Environmental Health Advocates, Inc. v. Sream, Inc.*,
  83 Cal. App. 5th 721 (2022) ................................................................................................. 6

*Golden Gate Land Holdings LLC v. E. Bay Reg'l Park Dist.*,
  215 Cal. App. 4th 353 (2013) ............................................................................................... 5

*Grassi v. Superior Court*,
  73 Cal. App. 5th 283 (2021) ............................................................................................... 10

*Guelfi v. Marin County Employees' Retirement Ass'n*,
  145 Cal. App. 3d 297 (1983) .............................................................................................. 10

*Hard v. Hollywood Turf Club*,
  112 Cal. App. 2d 263 (1952) ..................................................................................... 4, 9, 10

*Harris v. Capital Growth Investors XIV*,
  52 Cal. 3d 1142 (1991) ....................................................................................................... 14

*Hughes v. Pair*,
  46 Cal. 4th 1035 (2009) ........................................................................................................ 5

*In re Jovan B.*,
  6 Cal. 4th 801 (1993) .......................................................................................................... 14

*Indus. Welfare Com. v. Superior Court*,
  27 Cal. 3d 690 (1980) ......................................................................................................... 14

*In-Home Supportive Servs. v. Workers' Comp. Appeals Bd.*,
  152 Cal.App.3d 720 (1984) ................................................................................................ 15

*Jones v. Lodge at Torrey Pines P'ship*,
  42 Cal. 4th 1158 (2008) ........................................................................................................ 9

*Kaanaana v. Barrett Business Services, Inc.*,
  29 Cal. App. 5th 778 (2018) ................................................................................................. 4

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS

Case No. 25-cv-08091-SK

*Kavanaugh v. W. Sonoma Cnty. Union High Sch. Dist.*,
  29 Cal. 4th 911 (2003) .................................................................................................. 3

*Kulshrestha v. First Union Com. Corp.*,
  33 Cal. 4th 601 (2004) .................................................................................................. 5

*McCarther v. Pacific Telesis Group*,
  48 Cal. 4th 104 (2010) .................................................................................................. 3

*Metro. Water Dist. v. Superior Court*,
  32 Cal. 4th 491 (2004) .................................................................................................. 7

*Morillion v. Royal Packing Co.*,
  22 Cal. 4th 575 (2000) ................................................................................................ 15

*Murphy v. Kenneth Cole Prods., Inc.*,
  40 Cal. 4th 1094 (2007) .............................................................................................. 14

*Palermo v. Stockton Theatres, Inc.*,
  32 Cal. 2d 53 (1948) ................................................................................................... 13

*People v. Honig*,
  48 Cal. App. 4th 289 (1996) .................................................................................. 10, 12

*People v. Jack*,
  233 Cal. App. 2d 446 (1965) ........................................................................................ 4

*People v. Knowles*,
  105 Cal. App. 5th 757 (2024) ................................................................................. 11, 12

*People v. Pecci*,
  72 Cal. App. 4th 1500 (1999) ..................................................................................... 14

*People v. Rojas*,
  15 Cal. 5th 561 (2023) ........................................................................................... 13, 14

*Pulaski v. Cal. Occupational Safety & Health Standards Bd.*,
  75 Cal.App.4th 1315 (1999) ....................................................................................... 15

*Reynolds v. Bement*,
  36 Cal. 4th 1075 (2005) ................................................................................................ 7

*S. G. Borello & Sons, Inc. v. Dep't of Indus. Rels.*,
  48 Cal. 3d 341 (1989) ................................................................................................... 7

*San Miguel Consol. Fire Protection Dist. v. Davis*,
  25 Cal. App. 4th 134 (1994) ....................................................................................... 10

*Smith v. Workers' Comp. Appeals Bd.*,
  46 Cal. 4th 272 (2009) .................................................................................................. 9

*Tellez v. Superior Court*,
  56 Cal. App. 5th 439 (2020) ....................................................................................... 10

vi

*Walker v. Superior Court*,
   47 Cal. 3d 112 (1988) ................................................................................ 9, 10, 11

*Wasatch Prop. Mgmt. v. Degrate*,
   35 Cal. 4th 1111 (2005) ........................................................................................ 7

**Statutes**

Cal. Lab. Code § 233 ............................................................................................ 7, 13

Cal. Lab. Code § 245.5 ................................................................................. 3, 4, 19, 20

Cal. Lab. Code § 246 .................................................................................................. 19

Cal. Lab. Code § 246.5 ......................................................................................... 9, 13

**Rules**

Fed. R. Civ. P. 12 ........................................................................................................ 2

**Other Authorities**

Assembly Committee on Labor & Employment,
   Analysis of AB 1522 (Gonzalez) (Mar. 19, 2014) .......................................... 11

Assembly Committee on Labor & Employment,
   Analysis of SB 579 (Jackson) (June 24, 2015) ................................................. 8

Assembly Floor Analysis,
   AB 1522 (Gonzalez), as Amended May 28, 2014 ............................................. 6

Assembly Floor Analysis,
   Concurrence in Senate Amendments, AB 1522 (Gonzalez), as Amended Aug. 29, 2014 ....... 3, 5, 6

Senate Committee on Industrial Relations,
   Analysis of AB 109 (Knox) (June 9, 1999) .................................................... 10

Senate Committee on Labor & Industrial Relations,
   Analysis of SB 579 (Jackson) (Apr. 22, 2015) ................................................ 8

Stats. 2015, ch. 802 ............................................................................................... 3, 9

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR                Case No. 25-cv-08091-SK
JUDGMENT ON THE PLEADINGS

## I.    INTRODUCTION

Defendant Alaska Airlines, Inc. ("Alaska") has moved for judgment on the pleadings on Plaintiff Daniel Estrada's claims that its attendance control policy violates Labor Code section 233. According to Alaska, section 233 does not apply to flight attendants like Plaintiff because they are excluded from the definition of the term "employee" set out in Labor Code section 245.5(a).

The argument fails. Section 245.5 limits the scope of the definition of "employee" to "this article"—Article 1.5 of the Labor Code. Section 233, however, sits in Article 1. Further, section 245(b) expressly declares that Article 1.5 does not diminish rights under other laws. Alaska's motion cannot be squared with either of those textual commands.

The fact that the Legislature amended section 233 in 2015 to cross-reference section 245.5(c) for the definition of "family member"—but did not import the definition of "employee" from section 245.5(a)—confirms this outcome. It only shows that the Legislature knows how to import definitions when it wants to. The same is true for section 233's cross-references to section 246.5(a), which align the reasons for which sick leave may be used, and which likewise just show that the Legislature knows how to cross-reference when it wants to. Accordingly, the Legislature's failure to include language that imports or cross-references the definition of "employee" from section 245.5(a) is dispositive.

Alaska's resort to the *in pari materia* doctrine fails because the statutory text is unambiguous. Moreover, sections 233 and 245.5 do not share the same object or purpose, precluding application of the doctrine.

In the end, Alaska's misguided search for a definition of "employee" is unnecessary. "When a statute refers to an 'employee' without defining the term, courts have generally applied the common law test of employment to that statute." *Arnold v. Mut. of Omaha Ins. Co.,* 202 Cal. App. 4th 580, 586 (2011).

Finally, the Court must deny the motion even if section 245.5(a) applies, because the exemptions Alaska invokes cannot be established on the face of the pleadings. Both the cabin-crew and the five-factor collective bargaining agreement ("CBA") exemptions require multi-step factual analysis. Both analyses rest on factual predicates that appear nowhere in the pleadings. A motion

1

that requires the Court to accept unproven affirmative defenses as established facts is not a Rule 12(c) motion. It is a summary judgment motion, entitling Plaintiff to discovery before any ruling.

The Court, therefore, should deny Alaska's motion.

## II.   THE STANDARD ON A MOTION FOR JUDGMENT ON THE PLEADINGS

A motion for judgment on the pleadings under Rule 12(c) is "functionally identical" to a Rule 12(b)(6) motion. *Gregg v. Hawaii, Dep't of Pub. Safety,* 870 F.3d 883, 887 (9th Cir. 2017). The Court must "determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States,* 683 F.3d 1102, 1108 (9th Cir. 2012). All factual allegations are accepted as true and construed in the light most favorable to Plaintiff. *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018).

"A district court generally may not consider materials beyond the pleadings in evaluating a Rule 12(c) motion." *Samsung Elecs. Co. v. Blaze Mobile, Inc.,* 673 F. Supp. 3d 1066, 1072 (N.D. Cal. 2023). Only documents "extensively" referenced in the pleadings or attached to the complaint can be considered. *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003). If "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1550 (9th Cir. 1989).

Dismissal is warranted only if the plaintiff lacks a cognizable legal theory. *Godecke v. Kinetic Concepts, Inc.,* 937 F.3d 1201, 1208 (9th Cir. 2019). Where a defendant moves for judgment based on an affirmative defense, the defense may be decided on a Rule 12(c) motion "only when the motion raises pure questions of law." *Nicholas v. City of West Covina*, No. 2:22-CV-02425-PA-JC, 2024 WL 3463169, at *4 (C.D. Cal. June 12, 2024).

## III.   ARGUMENT

Alaska's motion rests on a single premise: that the definition of "employee" in Labor Code section 245.5(a)—which excludes flight attendants and those subject to certain collective bargaining agreements—governs section 233's separate and independent protections. This premise fails. Section 245.5 expressly confines its definitions to "this article," Article 1.5. Section 233, however, sits in Article 1. Moreover, section 245(b) declares that Article 1.5 does not diminish rights under other

laws. Nothing in section 233 reflects an intent to import section 245.5's definitions beyond those the Legislature expressly borrowed. Given that the Legislature did not clearly and unequivocally indicate otherwise, the common law meaning of "employee," which includes flight attendants and workers subject to a CBA, applies. Alaska's interpretive arguments—*in pari materia* and the statutory-reference canon—are inapposite and cannot justify a departure from the plain text.

## A.   CALIFORNIA LAW APPLIES

Because this case requires interpretation of California statutes, California's rules of statutory construction govern. *Santa Clarita Valley Water Agency v. Whittaker Corp.,* 99 F.4th 458, 485 (9th Cir. 2024) ("When a federal court interprets a California statute it applies California canons of construction."). Under California law, a court's "primary task when faced with a question of statutory construction is to determine the intent of the Legislature." *McCarther v. Pacific Telesis Group,* 48 Cal. 4th 104, 110 (2010). That inquiry begins with the plain statutory language and ends where the text is clear. *Id.* "If the language of the statute is not ambiguous, the plain meaning controls and resort to extrinsic sources to determine the Legislature's intent is unnecessary." *Kavanaugh v. W. Sonoma Cnty. Union High Sch. Dist.*, 29 Cal. 4th 911, 919 (2003).

## B.   THE MEANING OF "EMPLOYEE" IN SECTION 245.5 DOES NOT APPLY

In 2014, the Legislature enacted AB 1522, the Healthy Workplaces, Healthy Families Act ("HWHFA"). The act added Article 1.5 to Chapter 1 of Part 3 of Division 2 of the Labor Code, including sections 245.5 and 246, and for the first time required employers to provide paid sick leave to qualifying California employees. Stats. 2015, ch. 802. Facing opposition from a broad coalition of employer groups, the Legislature carved out exceptions for cabin crew members and employees subject to qualifying collective bargaining agreements as part of Senate amendments to AB 1522. *See* AB 1522 Assembly Floor Analysis, at 1 (Plaintiff's Request for Judicial Notice ("RJN"), Ex. B). The Legislature, however, made clear that those exceptions apply only within Article 1.5, where section 245.5 sits. Cal. Lab. Code § 245.5. The Legislature also made clear that enacting the HWHFA was not intended to diminish existing rights under any other law. Cal. Lab. Code § 245(b).

//

//

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR    Case No. 25-cv-08091-SK
JUDGMENT ON THE PLEADINGS

1.    Section 245.5 Limits the Scope of the Definitions Therein to Article 1.5

Section 245.5 opens by limiting the scope of the definitions therein to "this article." Cal. Lab. Code § 245.5. Accordingly, the definition of "employee" in section 245.5(a) applies only to "this article"—Article 1.5—not Article 1, where section 233 sits.

Faced with this kind of statutory directive, courts routinely find such directives to be clear and unambiguous. For instance, in *Hard v. Hollywood Turf Club,* 112 Cal. App. 2d 263, 269–70 (1952), the California Court of Appeal held that a Labor Code definition of "employer" introduced by "As used in *this part*" did not reach a section in a different part of the same division: "If the legislature had intended that the word 'employer' shall have the meaning given in section 6304 in all other 'Parts' of Division 5, surely they would have said so. They could have said 'Division' as easily as 'Part.'" *Id*. at 270. Likewise, in *People v. Jack,* 233 Cal. App. 2d 446, 450 n.5 (1965), the California Court of Appeals applied the same principle at the article level: a definition stated to "apply to this article only" does not govern a provision in a different article even if the two definitions are substantively identical. Finally, in *Kaanaana v. Barrett Business Services, Inc.,* 29 Cal. App. 5th 778, *affirmed*, 11 Cal. 5th 158 (2021), the California Court of Appeal confirmed the converse: a definition opening "As used in this chapter" reaches all articles within the chapter precisely because the Legislature "clearly knew how to limit a definition . . . to [a specific article] when it wanted to do so"—by using language like "[f]or the limited purposes of Article 2"—and chose not to. *Kaanaana*, at 791–92 & n.13.

Section 245.5 says "this article." Under *Hard*, *Jack*, and *Kaanaana*, that phrase confines the definition to Article 1.5. The cabin-crew exemption in section 245.5(a)(3) and the CBA exemption in section 245.5(a)(1) do not reach section 233 in Article 1.[1] *See Golden Gate Land Holdings LLC v.*

---

[1] On reply, Alaska may invoke *United States v. Garcia-Paz*, 282 F.3d 1212, 1214 (9th Cir. 2002), which held that a limiting phrase did not prevent a Title 19 definition of merchandise from applying to a prosecution under 18 U.S.C. § 545. In *Garcia-Paz*, both parties agreed that a Title 19 customs definition should govern a Title 18 smuggling prosecution; the only question was whether a limiting phrase in a single sub-provision of Title 19 excluded controlled substances from the agreed-upon definition. The court held it did not, because the limiting phrase appeared in a narrow sub-classification, not in the operative scope clause of the definitional section itself.

That is the opposite of this case. Here, the words "[a]s used in this article" appear at the very opening of section 245.5—they are the operative scope clause of the entire definitional section. Their

4

*E. Bay Reg'l Park Dist.,* 215 Cal. App. 4th 353, 376 (2013) ("[W]e cannot simply ignore the plain language of the statute.").

> 2.    <u>Section 245 Precludes Any Construction that Diminishes Preexisting Rights under Other Laws</u>

Even if section 245.5 did not expressly limit the scope of the definitions therein, Alaska's argument is still foreclosed by Labor Code section 245(b). That section declares: "The provisions of this article are in addition to and independent of any other rights, remedies, or procedures available under any other law and do not diminish, alter, or negate any other legal rights, remedies, or procedures available to an aggrieved person." Cal. Lab. Code § 245(b).

Section 233 is "any other law" relative to Article 1.5. Plaintiff's right to use sick leave free from retaliation is one of the "other legal rights" section 245(b) expressly preserves.

The legislative history confirms that the Legislature meant what it said. *See Hughes v. Pair,* 46 Cal. 4th 1035, 1046 (2009) (courts may "also look to legislative history to confirm . . . plain-meaning construction of statutory language"); *accord Kulshrestha v. First Union Com. Corp.,* 33 Cal. 4th 601, 613 n. 7 (2004). Critically, the same package of Senate amendments to AB 1522 that carved out the cabin-crew exemption simultaneously enacted section 245(b). Senate Amendment 3 provided that the bill does not apply to "an individual employed by an air carrier as a flight deck or cabin crew member covered under specified federal labor law, provided the individual is provided with compensated time off equal to or exceeding the amount of leave created by this bill." Assembly Floor Analysis, Concurrence in Senate Amendments, AB 1522 (Gonzalez), as Amended Aug. 29, 2014, at 1 (Plaintiff's RJN, Ex. B). Senate Amendment 5 provided that "the provisions of this bill are in addition to and independent of any other rights, remedies, or procedures available under any other law and do not diminish, alter, or negate any other legal rights, remedies, or procedures available to an aggrieved person." *Id*. These two amendments are inseparable. The Legislature

___

function is not to sub-classify terms within a broader definition that already travels; their function is to declare that none of the definitions in section 245.5 apply outside Article 1.5. *Garcia-Paz* says nothing about whether a scope clause of that kind restricts a definitional section's reach. And unlike *Garcia-Paz*, there is no agreement here that section 245.5's definitions should govern section 233— that is the central dispute. Finally, section 245(b)'s savings clause independently forecloses Alaska's reading, a structural barrier with no analog in *Garcia-Paz*.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR                    Case No. 25-cv-08091-SK
JUDGMENT ON THE PLEADINGS

created the cabin crew exemption and in the same breath declared that Article 1.5 "do[es] not diminish, alter, or negate any other legal rights." Cal. Lab. Code § 245(b).

The legislative record explains why. As introduced, AB 1522 authorized aggrieved persons to bring civil actions directly. Assembly Floor Analysis, Concurrence in Senate Amendments, AB 1522 (Gonzalez), as Amended Aug. 29, 2014, at 5 (Plaintiff's RJN, Ex. B). Assembly amendments deleted that authorization. *Id*. at 5. Senate amendments then added section 245(b) to "clarify that the provisions of this bill are in addition to and independent of any other rights, remedies or procedures available under any other law and do not diminish, alter or negate any other legal rights, remedies or procedures available to an aggrieved person." *Id*.; *see also* Assembly Floor Analysis, AB 1522 (Gonzalez), as Amended May 28, 2014, at 4 (Plaintiff's RJN, Ex. C).

Section 245(b) was thus enacted to confirm that workers, including those carved out of the requirement that employers provide their employees with paid sick leave, nonetheless retained their rights under other laws—including section 233—to protect against discipline for using whatever paid sick leave an employer might otherwise provide.

Alaska's theory—that exclusions in the HWHFA's "employee" definition must be read into section 233—violates section 245 given that it negates Plaintiff's rights under section 233. Section 245(b) expressly forbids this.

## C.    ALASKA'S RESORT TO INTERPRETIVE CANONS OF CONSTRUCTION IS MISPLACED

According to Alaska, the Court should use canons of construction to supply a definition for the undefined term "employee" in section 233. But this ignores the controlling rule of statutory construction: the common law meaning of "employee" governs unless the Legislature clearly and unequivocally indicates otherwise. Because Alaska's motion does not dispute that Plaintiff was an employee of Alaska under California common law—and nor could it on the pleadings—Alaska's motion must fail.

In this context, resorting to interpretive canons, including *in pari materia*, is a "second step" that a court should take *only if* plain meaning fails to resolve the question at hand. *Environmental Health Advocates, Inc. v. Sream, Inc.,* 83 Cal. App. 5th 721, 729 (2022) ("When the plain meaning

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR                    Case No. 25-cv-08091-SK
JUDGMENT ON THE PLEADINGS

of the text does not resolve the question, we proceed to the second step and turn to maxims of construction and extrinsic aids, including legislative history materials.").

### 1. The Court Must Define "Employee" by its Common Law Meaning

When a statute like Labor Code section 233 uses a term without defining it, courts must give that term its ordinary meaning. *Taniguchi v. Kan Pac. Saipan, Ltd.,* 566 U.S. 560, 566 (2012); *accord Wasatch Prop. Mgmt. v. Degrate,* 35 Cal. 4th 1111, 1121–22 (2005). And when that undefined term is "employee," California courts apply an even more precise rule: "when a statute refers to an 'employee' without defining the term, courts have generally applied the common law test of employment to that statute." *Arnold v. Mut. of Omaha Ins. Co.,* 202 Cal. App. 4th 580, 586 (2011); *see S. G. Borello & Sons, Inc. v. Dep't of Indus. Rels.,* 48 Cal. 3d 341 (1989) (setting forth the common law test of employment in California). For purposes of section 233, then, the common law meaning of "employee" controls "unless the Legislature 'clearly and unequivocally' indicates otherwise." *Reynolds v. Bement,* 36 Cal. 4th 1075, 1086 (2005); *accord Metro. Water Dist. v. Superior Court,* 32 Cal. 4th 491, 500–01 (2004).

#### a) *The Legislature Imported Only Two Definitions into Section 233 and "Employee" Was Not One of Them*

No such clear and unequivocal indication exists here. Where the Legislature intended to import definitions into section 233, it did so explicitly. For instance, section 233 explicitly borrows the meaning of "family member" from section 245.5(c). Cal. Lab. Code § 233(a)(2) ("'Family member' has the same meaning as defined in Section 245.5."). The Legislature also added three explicit cross-references to section 246.5(a) to align the reasons for which sick leave may be used. Cal. Lab. Code § 233(a), (b)(3)(A), (c).

There is no analogous provision importing section 245.5's definition of "employee." The Legislature's silence as to the definition of "employee" in section 233—in contrast to the express inclusion of two cross-references elsewhere—is dispositive. *See All Angels Preschool/Daycare v. Cnty. of Merced,* 197 Cal. App. 4th 394, 404–05 (2011) (legislative silence in contrast to specificity exhibited elsewhere "suggests a more limited purpose"); *accord United States v. Sweet,* 245 U.S. 563, 573 (1918) (same); *see also Connecticut Nat. Bank v. Germain,* 503 U.S. 249, 253–54 (1992)

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Case No. 25-cv-08091-SK

("[I]n interpreting a statute a court should always turn first to one[] cardinal canon before all others," i.e., "presume that a legislature says in a statute what it means and means in a statute what it says there."); *Rotkiske v. Klemm,* 589 U.S. 8, 14 (2019) ("Atextual judicial supplementation is particularly inappropriate when, as here, . . . [the legislature] has shown that it knows how to adopt the omitted language or provision.").

> b)    *The Legislative History Confirms the Legislature Did Not Intend to Import Section 245.5's Employee Exemptions into Section 233*

The legislative history of the 2015 amendments to section 233 confirms that the only "alignment" intended between section 233 and the HWHFA concerned the protected reasons for using sick leave—not an attempt to eliminate pre-existing protections under section 233 for a class of employees. Every committee analysis of SB 579, the bill that amended section 233 to include the cross-references, describes the alignment between the two statutes in identical terms. The Senate Labor Committee described the bill as aligning section 233 "with the provisions in the new Paid Sick Days law that authorizes the use of sick leave to attend to any preventative care needs of the worker's child, parent, spouse, or domestic partner." Senate Committee on Labor and Industrial Relations, Analysis of SB 579 (Jackson), at 3 (Apr. 22, 2015) (Plaintiff's RJN, Ex. F). The Assembly Labor and Employment Committee likewise described it as amending section 233 "to more closely align with the Healthy Workplaces Healthy Families Act by allowing parents to use their sick days to take their family members to a preventative health appointment." Assembly Committee on Labor and Employment, Analysis of SB 579 (Jackson), at 3 (June 24, 2015) (Plaintiff's RJN, Ex. D). Thus, every description of "alignment" is about aligning the protected reasons for which an employee may use sick leave, not about eliminating the protection previously available under section 233 to a class of employees. No committee analysis describes SB 579 as incorporating section 245.5's employee exemptions into section 233.

The Legislature's intent to align only the protected reasons for using sick leave is reflected in the limited cross-references to section 246.5(a) it made in section 233—in section 233(a), "for the reasons specified in subdivision (a) of Section 246.5"; in section 233(b), "for any of the reasons specified in subdivision (a) of Section 246.5"; and in section 233(c) ("for any other reason specified

8

in subdivision (a) of Section 246.5"). None of the cross-references reaches subdivision (d) of section 246.5—the provision Alaska says "incorporates" section 245.5's definitions—let alone section 245.5.[2]

The Legislative Counsel's Digest confirms the point. Alaska relies on the Digest's statement that SB 579 would "require an employer to permit an employee to use sick leave for the purposes specified in the Healthy Workplaces, Healthy Families Act of 2014." Stats. 2015, ch. 802 (S.B. 579), Legis. Counsel's Dig. (Plaintiff's RJN, Ex. G). But the Digest identifies only two impacts of SB 579 on section 233: (1) requiring employers to permit employees to use sick leave "for the purposes specified in the Healthy Workplaces, Healthy Families Act of 2014"; and (2) redefining "sick leave" as leave for those purposes. Not one of those impacts mentions changing the definition of "employee," incorporating section 245.5's exemptions into section 233, or eliminating pre-existing protections under section 233 for a class of employees. The Legislative Counsel's Digest "is entitled to great weight" as evidence of legislative intent, and "[i]t is reasonable to presume that the Legislature amended those sections with the intent and meaning expressed in the Legislative Counsel's digest." *Jones v. Lodge at Torrey Pines P'ship*, 42 Cal. 4th 1158, 1169–70 (2008); *accord Smith v. Workers' Comp. Appeals Bd.*, 46 Cal. 4th 272, 280 (2009). Had the Legislature intended to export the definition of "employee" from section 245.5(a) into section 233, the Legislative Counsel's Digest would have said so. It did not.

2.      The *In Pari Materia* Doctrine Does Not Apply

"[D]ifferent statutes should be construed together only if they stand *in pari materia*." *Walker v. Superior Court,* 47 Cal. 3d 112, 124 n.4 (1988). The doctrine has two threshold requirements: the statute to interpret must be genuinely ambiguous and the statutes must share the same object or purpose. Neither requirement is met here.

---

[2] Alaska's characterization of section 246.5(d) as "incorporating" the definition of "employee" from section 245.5(a) overstates what the provision actually does. Section 246.5(d) provides in full: "[n]otwithstanding subdivision (a) of Section 245.5, for purposes of this section, 'employee' shall include an employee described in paragraph (1) of subdivision (a) of Section 245.5." Cal. Lab. Code § 246.5(d). Section 246.5(d), therefore, does less "incorporating" and more "overriding" than Alaska represents. In any event, section 246.5(d)'s scope limitation to "this section" precludes exporting the definition to section 233. *Hard,* 112 Cal. App. 2d at 269–70.

9

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR                Case No. 25-cv-08091-SK
JUDGMENT ON THE PLEADINGS

a)       *The Statutory Text Is Not Ambiguous*

The *in pari materia* doctrine "has no application where the legislative intent is made unambiguous by the language employed by the lawmakers." *Hard*, 112 Cal. App. 2d at 271. The doctrine applies only where the statute, taken alone, is ambiguous or unclear.[3] *Guelfi v. Marin County Employees' Retirement Ass'n* (1983) 145 Cal. App. 3d 297, 307; *accord San Miguel Consol. Fire Protection Dist. v. Davis,* 25 Cal. App. 4th 134, 154 (1994). It is not a license to override clear text that expressly disclaims any effect on other laws. Nor is the doctrine a license to override legislative history: where legislative history answers the interpretive question before the court, it is a more reliable indicator of legislative intent than the canons. *Grassi v. Superior Court,* 73 Cal. App. 5th 283, 301 n.9 (2021) ("A statute's legislative history controls over the canons of statutory construction where the history provides clues to legislative intent."); *Tellez v. Superior Court,* 56 Cal. App. 5th 439, 448–49 (2020).

As stated above, "employee" in section 233 is unambiguous. Moreover, section 233 uses the term "employee" as it has since 1999, fifteen years before the HWHFA existed. The Legislature enacted section 233 "to 'require an employer who provides sick leave for employees to permit an employee to use the sick leave to attend to the illness of a child, parent, or spouse of the employee.'" Senate Committee on Industrial Relations, Analysis of AB 109 (Knox), at 2 (June 9, 1999) (stating bill's purpose) (Plaintiff's RJN, Ex. E). At that time, "employee" in section 233 necessarily encompassed flight attendants under the common law, because no HWHFA exemption existed. Alaska's argument is not that the term is ambiguous or that flight attendants fall outside its plain meaning—it is that the Legislature silently limited it through a later statute confined to a different article. That is not ambiguity; it is a contested legal theory that, if accepted, would simply replace the

[3] Alaska might rely in its reply on a footnote in *People v. Honig*, 48 Cal. App. 4th 289 (1996), where the Court of Appeal stated that "even though a statute may appear to be unambiguous on its face, when it is considered in light of closely related statutes a legislative purpose may emerge that is inconsistent with, and controlling over, the language read without reference to the entire scheme of the law." *Honig*, 48 Cal. App. 4th at 327 n.16. That formulation originates in Justice Kennard's dissent in *Droeger v. Friedman, Sloan & Ross*, 54 Cal. 3d 26, 50–51 (1991). The *Droeger* majority rejected this proposition and enforced the plain statutory text—precisely the approach warranted here. In any event, the principle presupposes statutes that are "closely related"—which requires satisfying the shared-purpose threshold *Walker* demands. As shown below, sections 233 and 245.5 do not meet that threshold.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR                    Case No. 25-cv-08091-SK
JUDGMENT ON THE PLEADINGS

existing meaning. Canons of construction resolve ambiguity. They do not supply a vehicle to override unambiguous text.

### b) Section 233 and the HWHFA Do Not Share the Same Purpose

Statutes qualify as *in pari materia* only if they "relate to the same person or thing, to the same class of person or things, or have the same purpose or object." *Walker*, 47 Cal. 3d at 124 n.4.

Sections 233 and 245.5 do not have the same purpose: section 233 regulates employers who otherwise provide sick leave, whereas the HWHFA creates the obligation to provide it in the first place. In passing the HWHFA, the Legislature itself took note of this distinction, explaining: "California law does impose certain standards to the use of sick leave for those employers who do provide it (such as 'kin care' leave under Labor Code Section 233) but there is not a general obligation for employers to provide sick leave." Assembly Committee on Labor and Employment, Analysis of AB 1522 (Gonzalez), at 3 (Mar. 19, 2014) (Plaintiff's RJN, Ex. A).

The fact that both relate to paid sick leave is of no consequence. "Characterization of the object or purpose is more important than characterization of subject matter in determining whether different statutes are closely enough related to justify interpreting one in light of the other." *Walker*, 47 Cal. 3d at 124 n.4. Section 233's purpose of protecting employer-provided sick leave with certain standards and anti-discrimination provisions is not closely enough related to section 245's purpose of mandating sick leave in certain sectors to justify the use of *in pari materia*. The doctrine does not apply "where the same subject is treated in several acts having different objects." *Id*. "The adventitious occurrence of . . . similar subject matter, in laws enacted for wholly different ends will normally not justify applying the rule." *Id*.; *accord People v. Knowles*, 105 Cal. App. 5th 757, 767–68 (2024).

In the end, there is nothing incoherent about continuing to provide employees protection for using sick leave irrespective of whether the employer provides sick leave voluntarily or pursuant to state mandate. Section 233 predates the HWHFA and has provided protection to all employees irrespective of the source of sick leave. The fact that both touch on sick leave does not place them *in pari materia* any more than every consumer protection statute is *in pari materia* with every other.

11

  c)  *Even If the Statutes Were In Pari Materia, the Doctrine Cannot Introduce an Exception That Does Not Otherwise Exist*

The *in pari materia* doctrine authorizes courts to harmonize related statutes—not to replace the meaning of one statute's term with a different statute's definition. The rule "does not mean . . . that one statutory definition may be ignored and replaced by a different one." *Honig*, 48 Cal. App. 4th at 328; *accord Knowles*, 105 Cal. App. 5th at 767–68. In this context, section 233 has carried its own common law meaning of "employee" since 1999. Alaska's argument is not harmonization—it is replacement. Alaska asks this Court to read section 245.5's exemptions into a statute that does not contain them, from an article that expressly declares its provisions "do not diminish, alter, or negate any other legal rights," and against the plain text of both articles. Each of the cases discussed below forecloses that request.

In *Erlenbaugh v. United States,* 409 U.S. 239, 244 (1972), the Supreme Court confirmed that the *in pari materia* doctrine aids in "resolving any ambiguities and doubts" but cannot "introduce an exception to the coverage of . . . [a statute] where none is now apparent" without "an affirmative indication . . . that Congress so intended." Section 233 neither contains an exception to "harmonize" with section 245.5 nor an indication that the Legislature intended to create one. There is, then, no basis under *Erlenbaugh* to warrant invoking the *in pari materia* doctrine.

In *In re Perroton,* 958 F.2d 889, 893 (9th Cir. 1992), the court recognized that "in statutes that contain statutory definition sections," such as section 245.5, "it is commonly understood that such definitions establish meaning where the terms appear in that same Act"—confirming that the HWHFA's definitional reach is tied to Article 1.5, the structural unit in which it appears.

In *United States v. Sinerius,* 504 F.3d 737, 743 (9th Cir. 2007), the court held that an out-of-chapter definition does not automatically travel into a separate chapter—logic that applies with equal force to articles within a chapter—and the Legislature's decision to not provide a specific definition demonstrated its intent to define a term "by its ordinary and common meaning." *United States v. Reinhart,* 893 F.3d 606, 613–14 (9th Cir. 2018) (describing the court's holding in *Sinerius*).

//

//

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR  Case No. 25-cv-08091-SK
JUDGMENT ON THE PLEADINGS

Finally, in *In re Penrod,* 611 F.3d 1158, 1163 (9th Cir. 2010), the court rejected the *in pari materia* doctrine as a basis for importing a definition from a statute enacted for a different legislative purpose, because that definition "sa[id] nothing" about the question at issue in the borrowing statute.

The same is true here: section 245.5's definitions were enacted to govern state-mandated paid sick leave, not to govern how employees can use paid sick leave once provided. Section 245.5 says "this article." It says nothing about section 233. There is no basis in law for Alaska's construction.

### 3. The Statutory-Reference Canon Is Inapposite

Alaska's resort to the statutory-reference canon is misplaced. That canon addresses whether—when a statute cross-references another statute—amendments to the source statute carry through. *Palermo v. Stockton Theatres, Inc.*, 32 Cal. 2d 53, 58–59 (1948). That is not an issue here: section 233 contains no reference to the definition of "employee." Beyond that, the canon stands for the uncontroversial proposition that where one statute "adopts by specific reference the provisions of another statute," those "provisions are incorporated" into the first statute. *People v. Rojas,* 15 Cal. 5th 561, 570 (2023); *accord Jam v. Int'l Fin. Corp.,* 586 U.S. 199, 209 (2019).

Alaska relies on the canon to import wholesale all the definitions in section 245.5 through the references to section 245.5(c) in section 233. That is not what the canon does—the canon only incorporates what is specifically referenced—nothing more. *Rojas*, 15 Cal. 5th at 570. Accordingly, the reference in section 233 to section 245.5(c)—the definition of "family member"—does not incorporate section 245.5(a) and the definition of "employee."

The same outcome occurs regarding the cross-references to section 246.5. Alaska's argument that these cross-references extend beyond the specifically referenced provision defining "sick leave" to include the definition of "employee" from section 245.5(a) is unsupported. *See* Mot. at 11–12. Section 233 only incorporates "the reasons specified" in section 246.5(a) that list the qualifying "purposes" for which an employee may take sick leave, and nothing else. Cal. Lab. Code §§ 233(b)(3)(A), (a), (c); *see id.* at § 246.5(a). Alaska's chain of inference—section 233 references section 246.5(a); section 246.5 incorporates section 245.5's definitions via section 246.5(d); therefore section 233 incorporates section 245.5's definitions—finds no support in *Rojas* or *Jam*. Those cases hold that a specific reference incorporates the referenced provision. *Rojas*, 15 Cal. 5th at

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Case No. 25-cv-08091-SK

570; *Jam*, 586 U.S. at 209–10. They do not hold that a reference to one subdivision in one code section relating to one thing carries with it every other subdivision or section. They certainly do not hold so over an express command that the provisions should not diminish other legal rights, as in section 245(b). A chain of statutory inference three links long is not a "specific reference" to anything.

Moreover, the statutory-reference canon "is not to be applied in a vacuum." *People v. Pecci,* 72 Cal. App. 4th 1500, 1505 (1999). The determining factor will always be legislative intent. *In re Jovan B.,* 6 Cal. 4th 801, 816 (1993).

Here, the committee analyses and the Legislative Counsel's Digest uniformly show that the only alignment the Legislature intended concerned the protected reasons for using sick leave. *See* III.C.1.a., *ante*, at 7–9. Nothing in that record suggests the Legislature intended to eliminate pre-existing protections under section 233 for a class of employees. Alaska's contrary reading of the Digest's "purposes specified" language finds no support in the text or history of SB 579.

### 4. Alaska's Construction Produces Absurd Results

"Where the language of a statutory provision is susceptible of two constructions, one of which, in application, will render it reasonable, fair and harmonious with its manifest purpose, and another which would be productive of absurd consequences, the former construction will be adopted." *Harris v. Capital Growth Investors XIV,* 52 Cal.3d 1142, 1166 (1991). Alaska's construction produces absurd consequences that the Legislature could not have intended.

The absurdity is evident in that Alaska's construction would mean that a subsequent statute enacted fifteen years after section 233 was enacted, that expressly is limited to Article 1.5 and expressly declares that it "do[es] not diminish, alter, or negate any other legal rights," stripped section 233's protections from a class of workers who had held those protections for fifteen years *sub silentio*. Courts do not adopt constructions that produce that result, least of all when construing the California Labor Code, which must be liberally construed to promote employee protections.[4]

---

[4] *Indus. Welfare Com. v. Superior Court,* 27 Cal. 3d 690, 702 (1980) ("the statutory provisions" for "the protection and benefit of employees . . . are to be liberally construed with an eye to promoting such protection"); *Murphy v. Kenneth Cole Prods., Inc.,* 40 Cal. 4th 1094, 1103 (2007) ("We have

14

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR                    Case No. 25-cv-08091-SK
JUDGMENT ON THE PLEADINGS

*Morillion v. Royal Packing Co.,* 22 Cal. 4th 575, 592 (2000) (declining to import standard that "expressly eliminates substantial protections to employees, by implication."); *accord Pulaski v. Cal. Occupational Safety & Health Standards Bd.*, 75 Cal.App.4th 1315, 1340 (1999) ("it would be nonsensical to interpret the Legislature's categorical directive as a *sub silentio* endorsement of an exemption that would effectively gut the statute"); *In-Home Supportive Servs. v. Workers' Comp. Appeals Bd.*, 152 Cal.App.3d 720, 738 (1984) ("if the Legislature had intended to retract existing coverage, plain language was available . . . to do so").

### D.  ALASKA'S CASES DO NOT MANDATE A DIFFERENT RESULT

#### 1.  *Brown* Forecloses Alaska's *In Pari Materia* Argument

Alaska's reliance on *Brown v. City of Inglewood,* 18 Cal. 5th 33 (2025) for its *in pari materia* argument is misleading. *See* Mot. at 9. Alaska omits the *Brown* court's caution that "[w]here the Legislature chooses to define the same term differently in two different provisions, neither definition should be 'rewritten under the guise of an *in pari materia* construction.'" *Id*. at 46 (quoting *Kaanaana v. Barrett Bus. Servs.,* 11 Cal. 5th 158, 175 (2021)). Alaska attempts to do just that.

*Brown* involved whether an elected city treasurer was an "employee" under Labor Code section 1106, which defines the term for purposes of the whistleblower statute in section 1102.5. *Id.* at 38–40. The California Supreme Court concluded that "[b]ecause the statutory text is inconclusive, we consider additional context and history," like related whistleblower statutes. *Id.* at 44.

The application of *in pari materia* in *Brown* thus rested on a threshold finding of textual inconclusiveness that is absent here. Section 245.5 opens with "as used in this article." Section 245(b) declares that Article 1.5 "do[es] not diminish, alter, or negate any other legal rights." Section 233(a)(2) borrows "family member" from section 245.5 and nothing else. The text answers the question. *Brown*'s gateway condition is not satisfied.

Moreover, *Brown* applied *in pari materia* only because the statutes at issue shared the same object and purpose: protecting public employees from retaliation for whistleblowing. The question before the Court in *Brown* was whether elected officials qualify as "employees" entitled to Labor

---

also recognized that statutes governing conditions of employment are to be construed broadly in favor of protecting employees").

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Case No. 25-cv-08091-SK

Code section 1102.5's whistleblower protections, which protect employees from retaliation for reporting violations of law. To answer that question, the court naturally looked to other statutes that protect public employees from retaliation for whistleblowing to help define who qualifies for that protection. *Id.* at 46 ("Because section 1102.5 addresses whistleblower protections and section 1106 confers those protections on public employees, it is reasonable, in determining the scope of 'employee' under section 1106, to consider other statutes that address public worker whistleblowing."). The common thread in *Brown* was that all the statutes protect public whistleblowers from retaliation.

Section 233 and the HWHFA share no comparable nexus. Section 233 prohibits retaliation against an employee for using sick leave irrespective of the source of that leave; the HWHFA mandates who must be provided paid sick leave in California. They regulate different conduct, impose different obligations, and protect against different harms. That section 233 cross-references section 245.5(c) reflects a drafting convenience, not a shared remedial purpose of the kind in *Brown*. *Brown*'s *in pari materia* analysis thus provides no support for importing section 245.5(a)'s "employee" exclusions into section 233.

### 2. *Iverson* Does Not Support Alaska's Statutory-Reference Chain

Alaska invokes *United States v. Iverson,* 162 F.3d 1015 (9th Cir. 1998), for the statutory-reference canon. Mot. at 10–11. *Iverson* is a Clean Water Act criminal case with no bearing on California statutory construction. *Id.* at 1018. *Iverson* simply held that state and local water codes that expressly mandated compliance with all applicable federal pretreatment standards incorporated all those standards by reference. *Id.* at 1020. That is the unremarkable proposition that a reference incorporates what it references, nothing more. Alaska's chain of inference—section 233 references section 246.5(a); section 246.5 references section 245.5(a) via section 246.5(d); therefore section 233 incorporates section 245.5's definition of "employee"—is not an application of *Iverson*. It is a three-link inference that no canon of construction supports.

### 3. Alaska Misrepresents the Holdings of *Sorensen*, *Foster*, and *Chatman*

Alaska cites *Sorensen v. National Railroad Passenger Corp.,* Case No. ED CV 16-01343-AB (JPRx), 2017 WL 6550426 (C.D. Cal. Sept. 17, 2017), *Foster v. Sygma Network, Inc.,* Case No.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS                    Case No. 25-cv-08091-SK

2:20-CV-07003-SB-PD, 2021 WL 4812993 (C.D. Cal. Mar. 26, 2021), and *Chatman v. WeDriveU, Inc.,* Case No. 3:22-CV-04849-WHO, 2022 WL 15654244 (N.D. Cal. Oct. 28, 2022), as authority that section 245.5's definitions govern section 233. Mot. at 12–13. None of these cases stand for that proposition.

*Sorensen* addressed whether a supervisor's lay belief that Amtrak's attendance policy violated section 233 was reasonable enough to constitute a "reasonably based suspicion of illegal activity" for purposes of a section 1102.5 retaliation claim. *Sorensen*, 2017 WL 6550426 at *6. The court assumed without deciding that CBA-covered employees like the plaintiff in that case fall outside section 233 and concluded that the employee's belief that he was protected by section 233 was nonetheless reasonable. *Sorensen*, 2017 WL 6550426 at *6. The court did not construe the structural relationship between Article 1 and Article 1.5, and it said nothing about the "this article" limitation, section 245(b)'s savings clause, or section 233(a)(2)'s narrow "family member" cross-reference. A ruling that assumes the threshold question on an uncontested record has no persuasive weight on the contested arguments Plaintiff raises here. *United States v. Kirilyuk,* 29 F.4th 1128, 1134 (9th Cir. 2022) ("Prior precedent that does not 'squarely address' a particular issue does not bind later panels on the question."); *accord Cooper Indus., Inc. v. Aviall Servs., Inc.,* 543 U.S. 157, 170 (2004) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.").

In *Foster*, the plaintiff never presented the argument here, and thus the court never considered it. *Foster* was a summary judgment motion in which the plaintiff never argued that section 245.5's definitions do not govern section 233. 2021 WL 4812993, at *4. The court simply quoted section 245.5(a)(1), called it an "exception" to sections 233, 234, and 246.5, and assumed without analysis that it applied. *Id.* The only dispute Foster raised was that his CBA "does not provide for final and binding arbitration"—which the court dismissed in a footnote as "a strained reading." *Id*. at *4 n.2. Because Foster did not contest anything else, the court ruled that "[p]laintiff provides no compelling reason to believe that this exception does not apply." *Id.* at *4. The "this article" limitation, section 245(b)'s savings clause, the structural distinction between Articles 1 and

17

1.5, and section 233(a)(2)'s narrow cross-reference history appear nowhere in the opinion. As above, *Foster* has no persuasive weight.

*Chatman* is just simply inapposite. The court there held that because Chatman's right to paid sick leave came from the CBA, the entire case—including the section 233 claim—was preempted under the Labor Management Relations Act. 2022 WL 15654244, at *12. Section 233 was swept up in a single sentence as one of several "other sick leave wage claims" whose "underlying character . . . rely on Chatman's underlying right to sick day wages"—itself a CBA right. *Id*. The court never addressed whether section 245.5's definition of "employee" independently governs section 233; and it never needed to, because the claim fell as a derivative of the preempted section 246 claim. There is no similar section 246 claim here. The two claims are based solely on section 233. FAC ¶¶ 38–44, 47.

None of these decisions are persuasive, let alone binding on this Court. None engaged with the "this article" limitation, section 245(b)'s savings clause, or section 233's narrow cross-references. A decision that does not engage with an argument has no persuasive weight. *Kirilyuk*, 29 F.4th at 1134; *Cooper*, 543 U.S. at 170.

### E.    EVEN IF SECTION 245.5 APPLIES, THE EXEMPTIONS CANNOT BE ESTABLISHED ON THE PLEADINGS

Even if the Court accepts Alaska's premise that section 245.5's definitions govern section 233, Alaska's motion still fails. Alaska's entire exemption argument rests on its Request for Judicial Notice. As Section V, *infra*, demonstrates, this request should be denied given that the FAC does not reference the CBA, Plaintiff's claims do not depend on it, and judicial notice cannot be extended to resolve the contested inferences Alaska draws from it. Without the CBA before the Court, Alaska's exemption argument has no evidentiary foundation.

But even if the Court were to consider the CBA, Alaska cannot establish either exemption on the pleadings as a matter of law. Both are affirmative defenses that "must be proven on the facts," and the facts needed to prove them are neither alleged in the complaint nor undisputed. *Bollinger v. Residential Capital, LLC*, 761 F. Supp. 2d 1114, 1116 (W.D. Wash. 2011); *see also Nicholas*, 2024 WL 3463169, at *4 (affirmative defense may be decided on Rule 12(c) motion "only when the

18

motion raises pure questions of law"). A motion that requires the Court to resolve contested factual questions is not a Rule 12(c) motion, and the most appropriate course is to convert it pursuant to Rule 12(d) to a motion for summary judgment that would entitle Plaintiff to develop the record through discovery before any ruling.

1.      The Cabin-Crew Exemption Cannot Be Established on the Pleadings

The cabin-crew exemption requires that flight attendants be "provided with compensated time off equal to or exceeding" one hour per every thirty hours worked. Cal. Lab. Code §§ 245.5(a)(3), 246(b)(1).

Alaska asserts compliance with sections 245.5(a)(3) and 246(b)(1) by stating that the CBA's accrual formula for sick leave—one TFP per ten TFP flown or credited—satisfies the statutory accrual requirement. But TFP is defined in the CBA as a mileage-based pay unit, not the required measure of "hours worked." *Compare* CBA § 5 ("TFP . . . [is a] [u]nit of pay based on point-to-point mileage"), *with* Cal. Lab. Code § 246(b)(1) ("An employee shall accrue paid sick days at the rate of not less than one hour per every 30 hours worked.") Without a conversion between the two, Alaska compares apples to oranges,[5] all based on the that "TFP is smaller than hours." Mot. at 15. This assertion, however, is not a fact established by the pleadings. Rather it is an unsubstantiated assertion about the relationship between a distance-based pay unit and actual duty time. TFP measures flight mileage, not time on duty that Plaintiff disputes. Whether TFP is in fact smaller than hours for any given flight attendant depends on the routes flown and, critically, on whether non-flight duty time—boarding, deplaning, and ground time between legs—is included in the hours calculation. The TFP-to-hours relationship is not a constant and cannot be assumed favorable to Alaska without evidence.

Accordingly, whether Alaska's TFP-based accrual system satisfies the statutory standard—measured against the actual duty time of its flight crews across all routes and all class members—is a

---

[5] To the extent that Alaska relies on reply on the conversion factor provided in section 16.E.1 of the CBA of 1.13 TFP-per-hour, that factor is used to convert accrued sick leave balances for employees transferring into the Inflight division from other departments within the company who had accrued sick leave in hours rather than TFP. It was not constructed as a general translation between TFP credits and hours worked, and it has no demonstrated basis in the actual duty time of flight attendants flying Alaska's routes. It is a transfer accounting convention from hours of sick leave to TFP, not an empirical measure of the TFP-to-hours relationship for this class.

19

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR                Case No. 25-cv-08091-SK
JUDGMENT ON THE PLEADINGS

factual question the pleadings do not answer, let alone a fact established as a matter of law. Should the Court entertain the need for such analysis, discovery will be necessary to evaluate the appropriate conversion factor and whether that factor yields a compliant policy for the exception to apply. *Qwest Commc'ns Corp. v. City of Berkeley*, 208 F.R.D. 288, 294 (N.D. Cal. 2002) (denying a motion for judgment on the pleadings because a predicate finding could "not be made without any factual showing and prior to any meaningful discovery.")

       2.      <u>The CBA Exemption's Five-Factor Test Cannot Be Established on the Pleadings</u>

The CBA exemption requires that the CBA expressly provide (1) for the wages, hours of work, and working conditions of employees; (2) for paid sick days or a paid leave or paid time off policy that permits the use of sick days for those employees; (3) final and binding arbitration of disputes concerning the application of its paid sick days provisions; (4) premium wage rates for all overtime hours worked; and (5) a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate. Cal. Lab. Code § 245.5(a)(1). Alaska's motion walks through each criterion in turn—confirming that this is a multi-step factual inquiry, not a question resolvable on the face of the pleadings. Mot. at 14–16.

The fourth and fifth criteria illustrate the problem. The fifth requires a regular hourly rate of at least 130% of the applicable California minimum wage. Alaska does not offer an arithmetic calculation. Instead, it asserts that "because TFP is smaller than hours," the lowest step rate of $24.95 per TFP necessarily exceeds 130% of minimum wage. Mot. at 15. But as above, the assertion that "TFP is smaller than hours" is not a fact established by the pleadings—it is an unsubstantiated assertion about the relationship between a distance-based pay unit and actual duty time that Plaintiff disputes. The fourth criterion—premium overtime rates—presents the same gap. Whether the CBA's overtime provisions yield a premium rate in actual hourly terms depends on the same unestablished TFP-to-hours relationship, and Alaska offers no analysis beyond unsubstantiated assumptions. Because neither criterion is established on the pleadings, the Court cannot rule on Alaska's affirmative defense as a matter of law and must deny the motion.

20

## IV.   THE UCL CLAIM SURVIVES ALONG WITH THE SECTION 233 CLAIM

The UCL claim is derivative of the section 233 claim. FAC ¶¶ 47–48. Alaska's sole basis for dismissing the UCL claim is the alleged failure of the section 233 claim. As such, Alaska's motion rises and falls with its section 233 argument. Because section 233 applies to Plaintiff and the FAC plausibly alleges a violation, the UCL claim survives.

## V.   THE COURT SHOULD REJECT DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

Alaska requests judicial notice of the collective bargaining agreement governing Plaintiff's employment (Ex. A) and a one-year extension of said bargaining agreement (Ex. B). Neither document is referenced in the FAC or the PAGA notice, and neither is subject to judicial notice for the contested factual propositions Alaska draws from them. Plaintiff opposes the request.

### A.   NEITHER THE FAC NOR THE PAGA LETTER MENTION A COLLECTIVE BARGAINING AGREEMENT, AND PLAINTIFF'S CLAIMS DO NOT DEPEND ON IT

Alaska's primary procedural hook for the Court to consider the CBA in the adjudication of its 12(c) motion is incorporation by reference, citing FAC ¶¶ 11–13. Mot. at 6; Alaska's RJN at 2–3. That argument fails. Neither the FAC nor the PAGA notice mentions a collective bargaining agreement or anything similar.

Under Alaska's own authority, incorporation by reference requires that "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Ritchie*, 342 F.3d at 908. The FAC does neither.[6] The paragraphs Alaska cites describe Alaska's "attendance

---

[6] Alaska may rely on *Parrino v. FHP, Inc.,* 146 F.3d 699, 706 (9th Cir. 1998), for the proposition that courts may consider documents "crucial to the plaintiff's claims" even if not expressly incorporated in the complaint. But *Parrino* does not apply. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). As the Ninth Circuit noted in *Khoja*, "[i]f the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint. *Khoja*, at 1002. "Otherwise, defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims." *Id*. The CBA creates Alaska's exemption defense—it is no part of the foundation of Plaintiff's section 233 claim, which rests entirely on Alaska's attendance policy and the sick leave it denied. The *Parrino* doctrine "is not a tool for defendants to short-circuit the resolution of a well-pleaded claim." *Khoja*, 899 F.3d at 1003; see also *Gregoire v. United Healthcare Servs., Inc.*, No. C 18-04764 WHA, 2018 WL 4635630, at *2–3 (N.D. Cal. Sept. 27, 2018) (denying application of the incorporation by reference doctrine where the defendant sought to invoke a contractual affirmative defense).

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Case No. 25-cv-08091-SK

control policy" and the "paid sick leave" Alaska has provided in generic terms, without identifying either as deriving from a collective bargaining agreement. Mot. at 6; FAC ¶¶ 11–13.

As the court in *Gloeckner v. Kraft* found in denying a request for judicial notice in materially similar circumstances—where "there is no mention of the CBA in the FAC," and the FAC "does not allege a violation of the CBA or any applicability of the CBA to Plaintiff's claims," "the FAC does not necessarily depend upon or incorporate the CBA by reference." *Gloeckner v. Kraft-Heinz Foods Co., LLC,* No. 3:19-CV-01239-HZ, 2021 WL 922048, at *2 (D. Or. Mar. 9, 2021). The same is true here. Plaintiff's claim is based on section 233 and Alaska's attendance policy, not on the CBA. The incorporation-by-reference doctrine does not apply.

Further, Alaska's urging for the Court to take judicial notice of the CBA because it is "necessary to resolve issues of federal preemption" is confusing and inapt. Alaska's RJN at 2. Alaska does not move for judgment on the pleadings on the basis of federal preemption; the motion is based solely on its (flawed) interpretation of the California Labor Code. The Court, therefore, should deny the request for judicial notice.

### B.      THE CBA IS NOT SUBJECT TO JUDICIAL NOTICE IN THE WAY ALASKA REQUESTS

Plaintiff does not dispute that the Court may take judicial notice of the existence of CBAs— but Alaska's request goes further to ask the Court to treat as established fact inferences arising from the CBA, which as noted above, are disputed. Extending judicial notice to resolve such disputed inferences is inappropriate. "[J]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

Courts have specifically declined to take judicial notice of a CBA when "factual questions" existed "as to whether the collective bargaining agreements operate as [defendant] suggests." *Schroeder v. Envoy Air, Inc.,* No. CV 16-04911-MWF-KS, 2017 WL 10525816, at *3 (C.D. Cal. Feb. 6, 2017); *see also Lefevre v. Pac. Bell Directory,* No. 14-cv-03803-WHO, 2014 WL 5810530, at *2 (N.D. Cal. Nov. 7, 2014) (declining judicial notice when plaintiff disputed CBA's applicability and complaint did not rely on it). Alaska's disputed inferences preclude judicial notice, particularly

22

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR                Case No. 25-cv-08091-SK
JUDGMENT ON THE PLEADINGS

at the pleadings stage. *Gloeckner*, 2021 WL 922048, at \*3; *see also United States ex rel. Lee v. Corinthian Colleges,* 655 F.3d 984, 999 (9th Cir. 2011) (courts "may not, on the basis of evidence outside of the Complaint, take judicial notice of facts favorable to Defendants that could reasonably be disputed"); *accord LA Alliance for Human Rights v. County of Los Angeles,* 14 F.4th 947, 957–58 (9th Cir. 2021) (vacating injunction premised on district court taking "judicial notice of the truth of disputed factual matters"). The existence of the CBA is not in dispute. What Alaska asks the Court to notice—that the CBA's provisions operate as Alaska contends and establish the exemptions as a matter of law—is exactly what Plaintiff disputes. Those disputed inferences are not proper subjects of judicial notice on a pleadings motion.

## VI.    CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court deny Alaska's motion for judgment on the pleadings. If, however, the Court is inclined to consider Alaska's factual arguments about the CBA's compliance with the statutory criteria, the appropriate remedy is to convert the motion to a summary judgment motion under Rule 12(d), which entitles Plaintiff to discovery before any ruling. Finally, should the Court grant the motion, any dismissal must be without prejudice as to absent class members. Absent class members have received no notice, have had no opportunity to opt out, and are not represented in this litigation in any meaningful sense at the pre-certification stage—binding them through a with-prejudice ruling at this juncture would violate basic due process. Any pre-certification merits ruling binds only the named plaintiff. *Wright v. Schock,* 742 F.2d 541, 544 (9th Cir. 1984).

Respectfully submitted,

Dated: June 9, 2026                         VALERIAN LAW, P.C.

By:  /s/ Dan Gildor
        Dan L. Gildor
        Risa Nagel
        Attorneys for Plaintiff and the Proposed Class

23