SEYFARTH SHAW LLP
Ryan McCoy (SBN 276026)
rmccoy@seyfarth.com
Taylor D. Horn (SBN 329435)
thorn@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:  (415) 397-2823
Facsimile:   (415) 397-8549

Attorneys for Defendant
Alaska Airlines, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ESTRADA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALASKA AIRLINES, INC. AND DOES 1–10, inclusive,<br><br>Defendants. | Case No. 3:25-cv-08091-SK<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date: July 13, 2026<br>Time: 9:30 a.m.<br>Judge: The Honorable Sallie Kim |

326575229v.2

**TABLE OF CONTENTS**

PAGE

I.    INTRODUCTION ...................................................................................................................... 1

II.   ARGUMENT.............................................................................................................................. 2

    A.    Section 233 incorporates section 245.5's "employee" definition and exemptions............. 2

        1.    Section 245.5's "as used in this Article" language does not defeat section 233's later incorporation of section 246.5(a)................................................................. 2

        2.    Section 245(b)'s savings clause does not freeze section 233 in its pre-2015 form. 4

        3.    The common-law definition of "employee" does not control because the Legislature supplied a statutory meaning through incorporation. ........................... 5

        4.    Plaintiff's legislative-history and absurd-results arguments confirm, rather than undermine, Alaska's reading. ...................................................................... 6

        5.    The in pari materia and statutory-reference canons confirm Alaska's reading. ..... 7

            a.    Sections 233, 245.5, and 246.5 are part of the same integrated sick-leave framework after the 2015 amendments........................................................ 7

    B.    The FAC and CBA establish the HWHFA section 245.5 exemptions as a matter of law.10

        1.    The cabin-crew exemption applies. ....................................................................... 10

        2.    The CBA exemption applies.................................................................................. 11

    C.    Plaintiff confirms that the UCL claim is derivative and rises or falls along with his section 233 claim. ........................................................................................................... 13

    D.    Plaintiff's opposition to Alaska's request for judicial notice lack merit. ........................ 13

    E.    Plaintiff does not dispute that leave to amend would be futile....................................... 14

III.  CONCLUSION......................................................................................................................... 14

326575229v.2

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Chatman v. WeDriveU, Inc.*,
  No. 3:22-CV-04849-WHO, 2022 WL 15654244 (N.D. Cal. Oct. 28, 2022) .........................10

*Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*,
  601 U.S. 42 (2024).............................................................................................................2

*Foster v. Sygma Network, Inc.*,
  No. 2:20-CV-07003-SB-PD, 2021 WL 4812993 (C.D. Cal. Mar. 26, 2021).........................10

*Goddard v. Google Inc.*,
  640 F. Supp. 2d 1193 (N.D. Cal. July 30, 2009) ...................................................................12

*Jam v. Int'l Fin. Corp.*,
  586 U.S. 199 (2019).............................................................................................................8

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) .............................................................................................13

*Knievel v. ESPN*,
  393 F.3d 1068 (9th Cir. 2005) ...........................................................................................13

*McKinley v. Southwest Airlines Co.*,
  680 Fed. App'x. 522 (9th Cir. 2017) ..................................................................................11

*Rotkiske v. Klemm*,
  589 U.S. 8 (2019).................................................................................................................5

*Sams v. Yahoo! Inc.*,
  713 F.3d 1175 (9th Cir. 2013) ...........................................................................................12

*Sorensen v. Nat'l R.R. Passenger Corp.*,
  No. EDCV1601343ABJPRX, 2017 WL 6550426 (C.D. Cal. Sept. 27, 2017), aff'd in
  part, rev'd in part..............................................................................................................10

*Taniguchi v. Kan Pac. Saipan, Ltd.*,
  566 U.S. 560 (2012).............................................................................................................5

*United States v. Garcia-Paz*,
  282 F.3d 1212 (9th Cir. 2002) .............................................................................................2

*United States v. Iverson*,
  162 F.3d 1015 (9th Cir. 1998) .........................................................................................8, 9

ii

326575229v.2

*United States v. Ritchie*,
 342 F.3d 903 (9th Cir. 2003) ...............................................................................................13

**State Cases**

*Arnold v. Mut. of Omaha Ins. Co.*,
 202 Cal. App. 4th 580 (2011) .................................................................................................5

*Brown v. City of Inglewood*,
 18 Cal. 5th 33 (2025) ..............................................................................................................9

*Hard v. Hollywood Turf Club*,
 112 Cal. App. 2d 263 (1952) ...................................................................................................3

*Kaanaana v. Barrett Business Services, Inc.*,
 29 Cal. App. 5th 778, aff'd, 11 Cal. 5th 158 (2021)............................................................3, 4

*Kim v. Reins Int'l California, Inc.*,
 9 Cal. 5th 73 (2020) .................................................................................................................3

*Lexin v. Superior Court*,
 47 Cal. 4th 1050 (2010) ...........................................................................................................7

*Pac. Gas & Elec. Co. v. Superior Ct.*,
 144 Cal. App. 4th 19 (2006) ....................................................................................................3

*People v. Jack*,
 233 Cal. App. 2d 446 (1965) ....................................................................................................3

*People v. Rojas*,
 15 Cal. 5th 561 (2023) .............................................................................................................8

*Wasatch Prop. Mgmt. v. Degrate*,
 35 Cal. 4th 1111 (2005) ...........................................................................................................5

**Federal Statutes**

Railway Labor Act Title II...........................................................................................................10

**State Statutes**

Cal. Lab. Code § 233 ......................................................................................................... *passim*

Cal. Lab. Code § 245 .....................................................................................................................4

Cal. Lab. Code § 245.5 ...................................................................................................... *passim*

Cal. Lab. Code § 246.5 ...................................................................................................... *passim*

Cal. Lab. Code § 1720 ...................................................................................................................3

iii

326575229v.2

**Rules**

F.R.C.P. Rule 12(d)...............................................................................................................................12

326575229v.2

## I.    INTRODUCTION

Plaintiff's Opposition asks the Court to sever section 233 from the very statutory provisions the Legislature incorporated into it. That reading cannot be reconciled with section 233's 2015 amendments. Those amendments expressly incorporated section 246.5(a)'s leave-use provisions to make the Kin Care law "consistent" and "more closely align[ed]" with the HWHFA. Plaintiff accepts the incorporated leave purposes but rejects the statutory definitions that give those purposes meaning. The Court should reject that selective, disjointed approach.

Section 233 does not define "employee." But it does incorporate section 246.5(a), and section 246.5(a) uses HWHFA-defined terms, including "employee." The natural reading is that section 233 incorporates those provisions with their statutory meaning. Plaintiff's alternative would give the same HWHFA language one meaning in section 246.5 and a different meaning when incorporated into section 233, producing the very inconsistency the 2015 amendments were designed to eliminate.

Plaintiff's textual and structural arguments do not overcome that point. Section 245.5's phrase "[a]s used in this Article" does not say "only," "exclusively," or anything similar. The savings clause did not prohibit the Legislature from later amending section 233. And the common-law definition of "employee" applies only where the Legislature has not supplied a statutory meaning. Here, the Legislature supplied one by incorporating HWHFA provisions that depend on HWHFA definitions.

Plaintiff's fallback arguments also fail. The Court may consider the CBA because Plaintiff challenges sick-leave and attendance policies established by that agreement. And the CBA, together with the FAC's allegations, establishes both the cabin-crew and CBA exemptions.

The section 233 claim therefore fails as a matter of law, the derivative UCL claim fails with it, and amendment would be futile. Alaska's Motion should be granted.

1

REPLY ISO MOTION FOR JUDGMENT ON THE PLEADINGS
3:25-CV-08091-SK

326575229v.2

## II.    ARGUMENT

### A.    Section 233 incorporates section 245.5's "employee" definition and exemptions.

#### 1.    Section 245.5's "as used in this Article" language does not defeat section 233's later incorporation of section 246.5(a).

Plaintiff's first argument is structural. Plaintiff contends that section 245.5's prefatory phrase, "[a]s used in this Article," prevents its definition of "employee" from applying to section 233 because section 233 appears in a separate article. That argument fails for two reasons.

First, section 245.5 does not say that its definitions apply only to Article 1.5. It does not say "as used in this Article only," or "exclusively for purposes of this Article." The Ninth Circuit has observed that introductory phrases such as "for purposes of this chapter" or "for purposes of this section" do not "limit the application of the relevant definition to that section *only*." *See United States v. Garcia-Paz*, 282 F.3d 1212, 1214 (9th Cir. 2002) (emphasis original) (citing *Johnson v. United States*, 206 F.2d 806, 808 (9th Cir. 1953)). Had the Legislature intended to confine section 245.5's definitions to Article 1.5 in all circumstances, it would have said so. It did not.

Plaintiff's attempt to preemptively distinguish *Garcia-Paz* does not change the analysis. Alaska does not argue that section 245.5's prefatory phrase is meaningless. Alaska's point is that the phrase is not exclusivity language and did not prevent the Legislature from later incorporating HWHFA provisions that depend on section 245.5's definitions. That is what happened here: after enacting the HWHFA, the Legislature amended section 233 to incorporate section 246.5(a), which uses terms defined in section 245.5.

Second, and more importantly, section 233 itself shows that the Legislature intended those definitions to apply here. In 2015, the Legislature amended section 233 to incorporate section 246.5(a)'s list of approved purposes for taking sick leave. Section 246.5(a), in turn, uses terms defined in section 245.5, including "employee." *See, e.g.*, Cal. Lab. Code § 246.5(a)(1) ("Diagnosis, care, or treatment of an existing health condition of, or preventive care for, an employee or an employee's family member.") (emphasis added). Plaintiff's interpretation would require the Court to treat section 233 as incorporating section 246.5(a)'s words, but not the definitions that give those words their statutory meaning. That is not how statutory incorporation works. When a statute defines a term, that definition controls. *Dep't of*

REPLY ISO MOTION FOR JUDGMENT ON THE PLEADINGS
3:25-CV-08091-SK

326575229v.2

*Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42, 59 (2024) ("When Congress takes the trouble to define the terms it uses, a court must respect its definitions as 'virtually conclusive.'") (quoting *Sturgeon v. Frost*, 587 U.S. 28, 56 (2019)); *Kim v. Reins Int'l California, Inc.*, 9 Cal. 5th 73, 84 (2020) ("When a statute prescribes the meaning to be given to particular terms used by it, that meaning is generally binding on the courts.") (internal quotes omitted).

Plaintiff's reading also creates surplusage. It would allow section 233 to borrow section 246.5(a)'s substantive leave provisions while disregarding the definitions on which those provisions depend. That approach strips that statutory meaning from section 245.5 and should be rejected. *Pac. Gas & Elec. Co. v. Superior Ct.*, 144 Cal. App. 4th 19, 24 (2006) ("We give significance to every word, avoiding an interpretation that renders any word surplusage."). The better reading is the straightforward one: when section 233 incorporates section 246.5(a), it incorporates that provision as written, including the statutorily defined terms.

Plaintiff's cases do not support a different result. Each involved an effort to apply a definition outside its immediate statutory setting without the kind of textual incorporation present here. First, Plaintiff cites *Hard v. Hollywood Turf Club*, 112 Cal. App. 2d 263, 269–70 (1952). There, the Court of Appeal held that an "employer" definition limited to one part of a statute did not apply to another part because there was no indication that the Legislature intended that result. Here, by contrast, the Legislature supplied that indication by amending section 233 to cross-reference section 246.5, which relies on defined terms. That express cross-reference distinguishes this case from *Hard* and confirms that the incorporated provision should be read together with the definitions that give it meaning.

Second, Plaintiff cites *People v. Jack*, 233 Cal. App. 2d 446, 450 n.5 (1965), but that case is distinguishable as well. The definitions in *Jack* expressly "appl[ied] to this article only." *Id.* Section 245.5 contains no comparable exclusivity language. And unlike here, *Jack* did not involve a statute that expressly incorporated another provision using the defined terms at issue.

Finally, Plaintiff cites *Kaanaana v. Barrett Business Services, Inc.*, 29 Cal. App. 5th 778, aff'd, 11 Cal. 5th 158 (2021), but that case also does not help Plaintiff. *Kaanaana* addressed whether the definition of "public works" in one subdivision of Labor Code section 1720 should be used to limit a

3

326575229v.2

separate subdivision with its own operative language. The court declined to import that limitation because the statutory text did not support it. This case is different. Alaska is not asking the Court to import a definition into an unrelated statutory provision. Section 233 expressly cross-references section 246.5, and section 246.5 uses terms defined in section 245.5. Applying those definitions gives effect to the Legislature's express cross-reference; it does not rewrite the statute. *Kaanaana* therefore reinforces the governing principle: statutory terms must be read in context and in light of the Legislature's textual choices.

### 2. Section 245(b)'s savings clause does not freeze section 233 in its pre-2015 form.

Plaintiff's other principal argument depends on the HWHFA's savings clause, which provides that the Act's provisions "are in addition to and independent of any other rights, remedies, or procedures available under any other law and do not diminish, alter, or negate any other legal rights, remedies, or procedures available to an aggrieved person." Cal. Lab. Code § 245(b). Plaintiff argues that this language prevents the HWHFA's exemptions from applying to section 233. That argument fails because it ignores the timing and effect of the Legislature's 2015 amendments.

Alaska does not argue that the HWHFA's exemptions applied to section 233 merely because the HWHFA was enacted. Rather, the exemptions became relevant when the Legislature later amended section 233 to incorporate the HWHFA's key provisions for the express purpose of making the two laws "consistent" and "more closely align[ed]." S. Rules Comm., Bill Analysis, S.B. 579 (May 7, 2015); S. Comm. on Labor & Indus. Relations, Comm. Rep. on S.B. 579 (Apr. 20, 2015). The savings clause does not prohibit the Legislature from later amending section 233, nor does it require courts to disregard the statutory limitations attached to the HWHFA provisions that section 233 now incorporates.

Plaintiff's reading would treat the savings clause as freezing section 233 in place, despite the Legislature's later decision to harmonize section 233 with the HWHFA. Nothing in the savings clause supports that result. The better reading is that the savings clause preserved independent rights unless and until the Legislature chose to amend them. Here, the Legislature did exactly that by amending section 233 to incorporate HWHFA provisions and align the two statutory schemes.

4

326575229v.2

### 3.    The common-law definition of "employee" does not control because the Legislature supplied a statutory meaning through incorporation.

Plaintiff's common-law argument fails at the threshold because it treats "employee" as an undefined term in isolation. Section 233 does not use the term in a vacuum. As amended in 2015, section 233 expressly incorporates section 246.5(a). The question, then, is not whether courts should assign a common-law meaning to an undefined term; it is whether section 233's express incorporation of section 246.5(a) includes the statutory meanings that make section 246.5(a) operative. It does.

Plaintiff's cases therefore do not control. *Taniguchi* and *Wasatch* state the ordinary rule that undefined terms are given their ordinary meaning. *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 566 (2012); *Wasatch Prop. Mgmt. v. Degrate*, 35 Cal. 4th 1111, 1121–22 (2005). *Arnold* applies the common-law employment test where a statute uses "employee" without defining it. *Arnold v. Mut. of Omaha Ins. Co.*, 202 Cal. App. 4th 580, 586 (2011). But those rules yield where the Legislature supplies a statutory meaning. Here, the Legislature did so by incorporating section 246.5(a), a HWHFA provision that uses HWHFA-defined terms. Applying those definitions is not "atextual judicial supplementation", *Rotkiske v. Klemm*, 589 U.S. 8, 14 (2019); it is the ordinary consequence of giving effect to the text the Legislature chose to incorporate.

Plaintiff's *expressio unius* argument fares no better. Plaintiff emphasizes that section 233 expressly borrows the definition of "family member" from section 245.5 but does not separately repeat section 245.5's definition of "employee." But that does not show that the Legislature intended "employee" to carry a different, common-law meaning when used in section 246.5(a). The family-member cross-reference confirms that the Legislature understood section 245.5's definitions to be relevant to section 233. And the separate cross-references to section 246.5(a) do additional work: they incorporate the HWHFA's specified purposes for taking leave. Those purposes cannot be severed from the defined terms that give them meaning. Plaintiff's reading would require the Court to incorporate section 246.5(a)'s words while disregarding the statutory definitions those words carry. Nothing in section 233 requires that unnatural result.

Nor does the lack of a standalone sentence importing section 245.5's definition of "employee" resolve the issue. The Legislature did not need to repeat every definition used in section 246.5(a) once it

5

326575229v.2

incorporated section 246.5(a) itself. Plaintiff's rule would turn statutory incorporation into a word-by-word exercise, under which an incorporated provision loses its defined terms unless the incorporating statute repeats each definition separately. That is not a sensible way to read incorporated statutory text.

### 4.    Plaintiff's legislative-history and absurd-results arguments confirm, rather than undermine, Alaska's reading.

Plaintiff's reliance on legislative history likewise does not support a different result. The committee analyses and Legislative Counsel's Digest state that SB 579 amended section 233 to align the permissible uses of sick leave with the HWHFA. Alaska agrees. But that point helps Alaska, not Plaintiff. The Legislature chose to achieve that alignment by incorporating section 246.5(a), not by drafting a new, freestanding list of leave purposes untethered from the HWHFA. The incorporated HWHFA purposes use HWHFA-defined terms. Thus, reading those purposes with their statutory definitions gives effect to the very alignment the legislative history describes.

Plaintiff's contrary reading would produce a partial and distorted incorporation. Under Plaintiff's view, section 233 borrows the list in section 246.5(a), but not the statutory definitions that determine who that list covers. That approach would make section 233 only superficially aligned with the HWHFA while assigning different meanings to the same incorporated language. The Legislature's stated goal was consistency and closer alignment, not semantic divergence.

Nor is Alaska's reading absurd. It is not absurd for the Legislature to harmonize overlapping sick-leave statutes after enacting the HWHFA, particularly where it amended section 233 to incorporate HWHFA provisions. Plaintiff's "*sub silentio*" argument also ignores the text of the 2015 amendments: section 233 now expressly cross-references section 246.5(a). And while Labor Code provisions may be construed liberally, that principle does not permit courts to disregard statutory exclusions or sever incorporated language from its statutory definitions.

Finally, Plaintiff's argument depends on characterizing Alaska's reading as eliminating pre-existing protections. That is not the correct frame. Alaska is not arguing that the HWHFA's exemptions displaced section 233 upon the HWHFA's enactment. Alaska's point is that the Legislature later amended section 233 to incorporate HWHFA language for the purpose of aligning the two statutory

6

REPLY ISO MOTION FOR JUDGMENT ON THE PLEADINGS
3:25-CV-08091-SK

326575229v.2

schemes. Section 233 must therefore be read as amended. Plaintiff cannot invoke the prior scope of section 233 to sever the incorporated HWHFA language from the definitions that give it meaning.

In short, the common-law rule applies only when the Legislature has not supplied a statutory meaning. Here, the Legislature supplied that meaning by incorporating section 246.5(a), a HWHFA provision that uses HWHFA-defined terms. Plaintiff's proposed common-law definition would defeat, rather than effectuate, the Legislature's decision to align section 233 with the HWHFA.

### 5. The in pari materia and statutory-reference canons confirm Alaska's reading.

#### a. Sections 233, 245.5, and 246.5 are part of the same integrated sick-leave framework after the 2015 amendments.

Plaintiff's attack on the *in pari materia* doctrine misses the point. Alaska does not invoke the doctrine to rewrite section 233 or to create an exemption from whole cloth. The doctrine simply confirms what the statutory text already shows: after the 2015 amendments, section 233 and the HWHFA are part of an integrated sick-leave regulatory scheme and must be read together.

Plaintiff first argues that *in pari materia* cannot apply because section 233 is unambiguous. But the relevant question is not whether "employee," viewed in isolation, can bear a common-law meaning. The question is how section 233 should be read after the Legislature amended it to incorporate section 246.5(a). Plaintiff's interpretation would treat section 233 as incorporating section 246.5(a)'s words while stripping those words of the definitions that give them statutory meaning. *In pari materia* guards against precisely that kind of fragmented reading by requiring related provisions to be construed in context and harmonized where possible.

Plaintiff next argues that section 233 and the HWHFA do not share the same purpose because section 233 regulates the use of sick leave while the HWHFA requires employers to provide paid sick leave. That is splitting hairs. Statutes need not be identical in operation to be *in pari materia*; they need only relate to the same subject or statutory object. *Lexin v. Superior Court*, 47 Cal. 4th 1050, 1091 (2010). These provisions do. Section 246.5 identifies the purposes for which paid sick leave may be used, and section 233 protects employees from interference or retaliation when they use sick leave for those same purposes. Indeed, the Legislature amended section 233 specifically to incorporate section

7

326575229v.2

246.5(a)'s HWHFA leave purposes and to make the Kin Care law "consistent" and "more closely align[ed]" with the HWHFA.

Plaintiff's contrary view would create two different meanings for the same incorporated language. Under Plaintiff's reading, section 246.5(a) would mean one thing within the HWHFA, but a different thing when section 233 incorporates it. That is disaggregation, not harmonization. The Legislature chose not to draft a freestanding list of section 233 leave purposes. It instead incorporated the HWHFA's list. The natural consequence of that choice is that the incorporated language carries its statutory meaning with it.

Nor is Alaska asking the Court to "replace" section 233's definition of employee with another definition. Section 233 has no express definition of "employee." And where section 233 incorporates section 246.5(a), the Court must give the incorporated provision the meaning it has within the statutory scheme from which it was drawn. *People v. Rojas*, 15 Cal. 5th 561, 570 (2023); *Jam v. Int'l Fin. Corp.*, 586 U.S. 199, 209 (2019); *United States v. Iverson*, 162 F.3d 1015, 1020–21 (9th Cir. 1998). Applying section 245.5's definitions in that context gives effect to the Legislature's express cross-reference to section 246.5(a).

Plaintiff's position also undermines the very legislative history on which he relies. Plaintiff emphasizes that the 2015 amendments aligned the protected reasons for using sick leave. Alaska agrees. But the Legislature achieved that alignment by incorporating the HWHFA's leave-use provision. Plaintiff cannot accept the incorporated HWHFA purposes while rejecting the HWHFA definitions that determine the scope of those purposes. The stated goal was consistency and closer alignment, not a regime in which identical statutory language has different meanings depending on which article invokes it.

Finally, Plaintiff's reliance on section 245(b)'s savings clause does not defeat *in pari materia*. The savings clause may have preserved section 233 as it existed when the HWHFA was enacted. But it did not prevent the Legislature from subsequently harmonizing section 233 with the HWHFA. Once the Legislature amended section 233 to incorporate section 246.5(a), section 233 had to be read as amended, together with the HWHFA provisions it expressly incorporated.

8

326575229v.2

For these reasons, the *in pari materia* doctrine supports Alaska's reading. Sections 233, 245.5, and 246.5 address the same sick-leave framework, use overlapping statutory language, and were expressly linked by the Legislature to make California's sick-leave laws consistent. Reading them together gives effect to that legislative choice. Plaintiff's reading, by contrast, severs section 246.5(a) from the definitions that make it operative and produces the very inconsistency the 2015 amendments were designed to eliminate.

Plaintiff's attempt to distinguish *Brown v. City of Inglewood*, 18 Cal. 5th 33 (2025), which Alaska cited, rests on a false premise. Plaintiff suggests that applying section 245.5's definition of "employee" would improperly replace a different definition chosen by the Legislature in section 233. But section 233 contains no definition of "employee." *Brown* cautioned that where the Legislature has defined the same term differently in two different provisions, courts should not rewrite one definition under the guise of *in pari materia* construction. *Id*. at 45-46. That principle has no application here because there is no competing section 233 "employee" definition to rewrite. Alaska does not ask the Court to displace one statutory definition with another; it asks the Court to read section 233 in harmony with the HWHFA provisions that section 233 expressly incorporates. *Brown* therefore supports Alaska's position: where related provisions address the same subject and the text is properly read in context, courts may look to related statutes to determine the scope of an undefined term. *Id*.

Plaintiff's attempt to distinguish *Iverson* also fails. *Iverson* held that when state and local law incorporated federal pretreatment standards by reference, the incorporated standards carried their statutory meaning with them, including the federal definition of "pollutant." 162 F.3d at 1020–21. That principle applies here. Section 233 expressly incorporates the reasons specified in section 246.5(a), and section 246.5(a) uses terms defined by the HWHFA. Those defined terms apply to section 233 as well.

Alaska's interpretation does not rely on an impermissible "three-link inference." There is one express cross-reference: section 233 incorporates section 246.5(a). The only remaining question is how to read the incorporated provision. Because section 246.5(a) uses terms defined by the HWHFA, the incorporated provision must be read with those definitions. Plaintiff's argument would make incorporation turn on copying words while ignoring meaning.

9

326575229v.2

Plaintiff's treatment of the district court cases Alaska cited, *Sorensen*, *Foster*, and *Chatman*, misses their significance. Alaska does not cite those cases as binding authority that decided every statutory-construction argument presented here. Alaska cites them because they show that courts have treated section 233 and the HWHFA as a unified statutory scheme. *Foster* applied section 245.5's CBA exemption to claims that included section 233. *Foster v. Sygma Network, Inc.*, No. 2:20-CV-07003-SB-PD, 2021 WL 4812993, at *4 (C.D. Cal. Mar. 26, 2021). *Chatman* treated section 233 as part of the same sick-leave framework affected by section 245.5's CBA exemption. *Chatman v. WeDriveU, Inc.*, No. 3:22-CV-04849-WHO, 2022 WL 15654244, at *11 (N.D. Cal. Oct. 28, 2022). And *Sorensen* recognized that whether section 245.5's CBA exemption defeats section 233 protection is at least part of the statutory analysis. *Sorensen v. Nat'l R.R. Passenger Corp.*, No. EDCV1601343ABJPRX, 2017 WL 6550426, at *2 (C.D. Cal. Sept. 27, 2017), aff'd in part, rev'd in part and remanded, 786 F. App'x 652 (9th Cir. 2019). None of those decisions supports Plaintiff's rigid separation between section 233 and the HWHFA. To the contrary, they reflect the practical understanding that the provisions operate together after the 2015 amendments.

Tellingly, Plaintiff cites no case that has adopted his interpretation. Plaintiff asks this Court to be the first to treat section 233 and the HWHFA as rigidly separate despite the Legislature's express cross-references and stated goal of alignment.

**B.    The FAC and CBA establish the HWHFA section 245.5 exemptions as a matter of law.**

Plaintiff contends that, even if section 245.5 applies, Alaska cannot establish the cabin-crew or CBA exemptions on the pleadings. That argument depends on ignoring the allegations in the FAC and the judicially noticeable CBA governing Plaintiff's employment.

**1.    The cabin-crew exemption applies.**

First, the FAC and the CBA establish the cabin-crew exemption as a matter of law. Plaintiff does not dispute that he was a cabin crew member or that Alaska is an air carrier subject to Title II of the Railway Labor Act. Nor does he dispute that the CBA provides generous paid sick leave. He disputes

10

REPLY ISO MOTION FOR JUDGMENT ON THE PLEADINGS
3:25-CV-08091-SK

only the relationship between TFP and hours worked.[1] But that dispute does not preclude judgment on the pleadings because the CBA itself supplies the relevant pay and accrual rules.

Both the HWHFA and the CBA use ratio-based accrual formulas. The HWHFA requires sick leave accrual at a rate of one hour for every 30 hours worked. The CBA provides sick leave accrual at a rate of one TFP for every 10 TFP flown or credited. The CBA's ratio is therefore three times more generous on its face: one unit of sick leave for every 10 units worked or credited, rather than one unit for every 30.

Plaintiff does not dispute that the CBA provides paid sick leave, nor does he identify any CBA provision showing that Alaska's accrual rate falls below the statutory benchmark. Instead, he argues that TFP is a mileage-based pay unit and that the Court cannot compare TFP to hours without discovery. But the relevant point is not that TFP and hours are identical units. It is that both systems measure sick leave accrual as a proportion of compensated work or credited service. Under either measure, a 1-to-10 accrual ratio is more generous than a 1-to-30 accrual ratio.

### 2.    The CBA exemption applies

Plaintiff's challenge to the CBA exemption also fails. Plaintiff does not dispute that the CBA expressly provides for wages, hours, working conditions, paid sick leave, arbitration, and premium overtime rates. His only meaningful challenge is to the requirement that the CBA provide a regular hourly rate of pay at least 30 percent above the state minimum wage. But the CBA satisfies that requirement on its face.

During the relevant period, 130 percent of California's minimum wage ranged from $19.50 to $20.80 per hour. The lowest flight-attendant Step Rate under the CBA was $24.95 per TFP. TFP is necessarily smaller than hours based on the face of the CBA. *See* Dkt. No. 19 at 15:12–13. Thus, even using the lowest applicable CBA rate, Alaska flight attendants were paid well above the statutory threshold. Plaintiff does not identify any lower rate in the CBA, nor does he allege that he or any putative class member was paid below 130 percent of the minimum wage.

---

[1] Plaintiff cannot have it both ways. If the CBA's plain terms control, the CBA and cabin-crew exemptions apply. If Plaintiff is right that those terms must be interpreted to resolve the exemptions, then his claim is preempted by the RLA. *See McKinley v. Southwest Airlines Co.*, 680 Fed. App'x. 522, 534–25 (9th Cir. 2017).

11

326575229v.2

Plaintiff instead argues that TFP is a mileage-based pay unit and therefore cannot be compared to an hourly minimum-wage threshold without discovery. That argument elevates form over substance. The CBA's use of an airline-specific pay metric does not defeat the exemption. Section 245.5(a)(1) asks whether the CBA provides a regular hourly rate of pay above the statutory threshold; it does not require the CBA to express all compensation in the same terminology used by the Labor Code. The CBA establishes a compensation formula that pays flight attendants by TFP, and the lowest Step Rate under that formula exceeds 130 percent of the applicable minimum wage.

Plaintiff's position would mean that airline CBAs using industry-specific pay units could never satisfy section 245.5(a)(1) at the pleadings stage, even where the contract's wage schedule establishes rates above the statutory minimum. Nothing in the statute supports that result. The CBA exemption looks to what the agreement provides, and the agreement here provides compensation exceeding 130 percent of California's minimum wage. The CBA exemption is therefore established as a matter of law.

Nor does Plaintiff avoid judgment by labeling the exemptions "affirmative defenses." Courts may resolve a defense on the pleadings where the defense turns on undisputed documents or presents a pure question of law. *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013); *see also Goddard v. Google Inc.*, 640 F. Supp. 2d 1193, 1199 n.5 (N.D. Cal. July 30, 2009) (noting that "affirmative defenses routinely serve as a basis for granting [motions to dismiss] where the defense is apparent from the face of the [c]omplaint.") (internal quotation and citation omitted). That is the case here. Plaintiff alleges he was an Alaska flight attendant, and the CBA establishes the remaining exemption criteria. No discovery is needed to determine whether the CBA expressly contains the provisions required by section 245.5(a)(1), or whether Plaintiff's position as an Alaska flight attendant falls within section 245.5(a)(3).

Finally, Plaintiff's Rule 12(d) argument is misplaced. Alaska is not asking the Court to resolve disputed evidentiary facts outside the pleadings. It asks the Court to apply the Labor Code to the undisputed allegations and the governing CBA. Because Plaintiff's claims fail as a matter of law under the statutory exemptions, conversion to summary judgment is unnecessary.

REPLY ISO MOTION FOR JUDGMENT ON THE PLEADINGS
3:25-CV-08091-SK

326575229v.2

**C.      Plaintiff confirms that the UCL claim is derivative and rises or falls along with his section 233 claim.**

On Plaintiff's UCL claim, Plaintiffs and Alaska agree: it is derivative, so it rises or falls with the section 233 claim. Because Plaintiff's section 233 claim fails, so too must his UCL claim.

**D.      Plaintiff's opposition to Alaska's request for judicial notice lack merit.**

Plaintiff opposes Alaska's request to take judicial notice of the governing CBA, not because he challenges the authenticity, but because his FAC and PAGA letter artfully avoid mentioning it. That does not work. The Court must take notice of the CBA because it "forms the basis of the plaintiff's claim[s]." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). According to Plaintiff, his claims are "based on section 233 and Alaska's attendance policy, not on the CBA." But the CBA is the sole source of the attendance policy Plaintiff challenges. Courts may take judicial notice of a document when the "plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Plaintiff cannot avoid judicial notice through artful pleading. The CBA undisputedly establishes the policy at the center of his claims, and Plaintiff's decision not to mention it does not make it any less relevant or appropriate for judicial notice.

Plaintiff's objection also conflates disputed facts with legal consequences. Alaska does not ask the Court to take judicial notice that the CBA "operates" in some disputed factual manner. Alaska asks the Court to consider the CBA's text. The agreement's relevant provisions are not reasonably disputed: it sets forth the sick-leave policy, attendance policy, wage structure, arbitration procedure, and premium-pay provisions governing Plaintiff's employment. Whether those provisions satisfy section 245.5's exemptions is a question of law based on the face of the CBA.

*Khoja* prohibits courts from accepting disputed factual assertions embedded in judicially noticeable documents. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). It does not prevent courts from considering the text of a governing contract where the plaintiff's claims depend on policies created by that contract. Plaintiff cannot avoid consideration of the CBA by omitting it from the complaint while challenging the CBA-created sick-leave and attendance policies. His disagreement

13

326575229v.2

with Alaska's legal interpretation of the CBA does not make the CBA's text disputed, nor does it convert a legal exemption into a factual issue requiring discovery.

The cases Plaintiff cites involved attempts to use CBAs to establish disputed factual propositions about how the agreements operated in practice. This case is different. Alaska relies on the CBA for its undisputed text and for the legal effect of that text under section 245.5. Plaintiff does not identify any competing CBA language or any missing statutory element. He disputes only whether the CBA's provisions satisfy the exemptions as a matter of law. That is not a basis to deny judicial notice; it is the merits question the Court can resolve from the agreement itself. The Court may therefore judicially notice the CBA.

### E.    Plaintiff does not dispute that leave to amend would be futile.

Alaska's Motion explained that leave to amend should be denied because amendment would be futile. Plaintiff's Opposition does not respond to that argument or identify any amendment that could cure the defects requiring dismissal.

Plaintiff instead asks only that any dismissal be without prejudice as to absent class members. Because no class has been certified, Alaska agrees that any judgment would bind only Plaintiff, not absent putative class members.

### III.    CONCLUSION

For the foregoing reasons, Alaska respectfully requests that the Court enter judgment on the pleadings and dismiss Plaintiff's FAC with prejudice.

DATED: June 16, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Ryan McCoy*
Ryan McCoy
Taylor D. Horn
Attorneys for Defendant
ALASKA AIRLINES, INC.

14

326575229v.2