Xinying Valerian (SBN 254890)
Dan Gildor (SBN 223027)
Felicia Medina (SBN 255804)
Risa Nagel (SBN 358710)
VALERIAN LAW, P.C.
2222 Harold Way
Berkeley, CA 94704
Tel:    (888) 686-1918
xinying@valerian.law
dan@valerian.law
felicia@valerian.law

Ryan McCoy (SBN 276026)
Taylor D. Horn (SBN 329435)
SEYFARTH SHAW LLP
560 Mission Street, 31st Floor San Francisco,
California 94105
Telephone: (415) 397-2823
rmccoy@seyfarth.com
thorn@seyfarth.com

*Attorneys for Plaintiff and the Proposed Class*       *Attorneys for Defendant Alaska Airlines, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ESTRADA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALASKA AIRLINES, INC. AND DOES 1-10, inclusive,<br><br>Defendants. | Case No. 25-CV-08091-SK<br><br>Hon. Sallie Kim<br><br>**JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:        July 13, 2026<br>Time:        9:30 a.m.<br>Location:  Zoom |

Plaintiff Daniel Estrada and Defendant Alaska Airlines, Inc. hereby submit the following joint case management conference statement in advance of the July 13, 2026, Initial Case Management Conference.

**A.    JURISDICTION AND SERVICE**

This action was originally filed in Alameda County Superior Court on February 3, 2025 (Case No. 25CV109449). Alaska removed the action to this Court on September 23, 2025, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). According to the notice of removal, subject matter jurisdiction exists under CAFA because: (1) the matter in controversy exceeds $5,000,000, exclusive of

1

interest and costs; (2) this is a class action; and (3) minimal diversity exists between plaintiff and defendant.

There are no issues regarding personal jurisdiction or venue. All parties have been served.

**B.    FACTS**

### 1.    Plaintiff's Statement of Facts

Plaintiff Daniel Estrada was employed by defendant Alaska Airlines, Inc. as a flight attendant from June 2022 to June 2024. From approximately June 2023 onward, Estrada was based in California—first in San Francisco, then in Los Angeles.

Alaska maintains an attendance control policy. Under this policy, Alaska assigns disciplinary "points" to flight attendants for various types of absences, including absences for taking sick leave. Flight attendants who accumulate 12 points are subject to termination.

During his employment, Estrada received attendance points for taking sick leave on multiple occasions, including 2 points on April 18-21, 2023, for sick leave; 2.5 points on July 6, 2023, for calling in sick with less than two hours' notice due to nausea and vertigo; 0.5 points on July 7, 2023, for sick leave; 0.5 points on November 11-12, 2023, for sick leave; and 3 points on February 18, 2024, for a no-show when Estrada had called in sick for February 15-17, 2024, but failed to call in again for February 18. Of the 12 points Estrada accumulated at the time of his termination on June 20, 2024, at least 8.5 points arose from taking sick leave. Alaska terminated his employment when he reached 12 points.

Alaska's attendance policy applies uniformly to all California-based flight attendants. The policy assigns points for sick leave usage under certain circumstances, including: (1) taking more than one continuous occurrence of sick leave per calendar quarter; (2) calling in sick with less than two hours' notice; and (3) calling in sick after scheduled check-in. Points remain on flight attendants' records for up to 18 months and accumulate toward progressive discipline culminating in termination at 12 points.

In February 2025, Alaska flight attendants ratified a new contract that modified the attendance policy. Under the 2025 contract, Alaska now maintains two separate sick leave banks: a "state sick leave bank" and a "CBA sick leave bank." Flight attendants who designate use of state sick leave do not accrue attendance points, provided they have sufficient state sick leave to cover the absence. However,

JOINT INITIAL CASE MANAGEMENT CONFERENCE                    Case No. 25-CV-08091-SK

the 2025 contract continues to assign attendance points for absences covered by the "CBA sick leave bank."

### 2.    Defendant's Statement of Facts

Alaska denies Plaintiff's claims and allegations and denies that class or representative treatment is appropriate.

Federal Air Regulations require that Alaska have a minimum number of working flight attendants on each flight. If there are not enough flight attendants to meet these regulatory requirements, Alaska must delay or cancel flights, disrupting passengers and employees not only in California but also in any other jurisdiction into which Alaska flies.

Plaintiff, Daniel Estrada, worked for Alaska as a flight attendant between July 2022 and June 2024. When Plaintiff first began working as an Alaska flight attendant, he was based in Seattle, Washington. His base changed to San Francisco in October 2023 and to Los Angeles in June 2024.

Plaintiff's employment as a flight attendant was governed by a collective bargaining agreement ("CBA") negotiated between the Association of Flight Attendants ("AFA") and Alaska. The CBA provides generous sick leave benefits and includes a points-based attendance policy designed to mitigate staffing-related operational disruptions. Under the attendance policy, flight attendants can incur varying numbers of points for different types of absences, depending on how disruptive the absence can be to flight operations. Some types of absences, such as sick absences to care for family members, carry no points. Under the attendance policy, once a flight attendant reaches five attendance points, the flight attendant is counseled on their attendance. At seven points, the flight attendant receives a written warning. At 9.5 points, the flight attendant receives a final warning. And at twelve or more points, the flight attendant is subject to termination. The policy also provides ways for flight attendants to improve their attendance records by protecting certain absences from points and allowing points to roll off after eighteen months.

Estrada had poor attendance throughout his employment with Alaska. Between January 2023 and May 2024, he incurred twelve attendance points. As a result, he was discharged effective June 20, 2024.

### C.    LEGAL ISSUES

The principal legal issues in dispute are:

1. **Statutory construction**. Alaska contends that flight attendants are exempt from California's Labor Code sections 233 and 234. Alaska contends that the term "employee" as used in section 233 and 234 excludes cabin crew members provided with compensated time off, as well as employees covered by a valid collective bargaining agreement that meets certain criteria. This legal issue is the subject of Alaska's pending Motion for Judgment on the Pleadings, filed on May 26, 2026, and set for hearing concurrently with the Initial Case Management Conference on July 13, 2026.

2. **Whether California law applies**. Alaska contends that Plaintiff's individual and class claims improperly seek to apply California's Kin Care law extraterritorially. Plaintiff contends California law applies to California-based flight attendants.

3. **Federal preemption**. Alaska asserts multiple preemption defenses:

    a. Railway Labor Act preemption: Alaska contends plaintiff's claims concern CBA-established rights and require interpretation of the CBA and are therefore preempted under *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246 (1994) and *San Diego Building Trades Council v. Garmon*, 359 U.S. 236 (1959).

    b. Airline Deregulation Act preemption: Alaska contends California's Kin Care law "relates to" airline services within the meaning of 49 U.S.C. § 41713(b)(1) because it affects flight attendant availability and operational reliability.

    c. Federal Aviation Act preemption: Alaska contends the FAA has occupied the field of regulating crewmember health, fitness, and duty/rest periods, preempting state sick leave laws.

4. **Constitutional challenges**. Alaska asserts the Kin Care law, as applied to Alaska's interstate operations:

    a. Violates the Contracts Clause (U.S. Const. art. I, § 10, cl. 1 and Cal. Const. art. I, § 9) by impairing Alaska's collective bargaining agreement.

    b. Violates the dormant Commerce Clause by imposing extraterritorial burdens on interstate commerce.

    c. Violates the Fourteenth Amendment by attempting to regulate conduct beyond

4

California's borders.

5. **Class certification**. Whether plaintiff can satisfy the requirements of Federal Rule of Civil Procedure 23, particularly:

    a. Numerosity: Alaska contends the proposed subclass of terminated employees includes only approximately 21 individuals, insufficient for class treatment.

    b. Predominance: Alaska contends individual issues predominate because determining liability requires individualized inquiries, such as whether each absence was for a qualifying reason under section 246.5.

6. **PAGA standing and constitutional challenges**. Alaska challenges plaintiff's PAGA claim on multiple grounds, including that PAGA violates separation of powers, due process, and excessive fines provisions of the federal and state constitutions.

7. **The merits**. There are at least three legal issues on the merits: (1) whether Alaska's attendance policy is a per se violation of Labor Code section 233 pursuant to Labor Code section 234, (2) whether assigning points pursuant to the attendance policy constitutes an actual violation of Labor Code section 233, and (3) whether Plaintiff's absences were protected by California's Kin Care law.

8. **Remedies**.

    a. Liquidated Damages: Plaintiff contends that California's Kin Care law provides for "liquidated damages" in the form of one day's pay for each instance of points being assessed for a sick leave-related absence. Alaska contends that the statute's text does not support Plaintiff's "liquidated damages" theory.

    b. PAGA Penalties: Plaintiff contends that a $100 civil penalty applies to every pay period during which every California-based flight attendant worked, regardless of whether a sick leave-related attendance point was assessed during the pay period or not. Alaska disagrees that PAGA penalties would apply in this manner.

D.    **MOTIONS**

**Prior Motions**: None.

**Pending Motions:** Defendant's Motion for Judgment on the Pleadings, filed May 26, 2026, and set for hearing July 13, 2026.

**Anticipated Motions:** Plaintiff anticipates filing a motion for class certification following appropriate discovery, which Plaintiff anticipates filing in October or November 2026. Alaska anticipates filing one or more motions for summary judgment. The parties have not yet conferred regarding a specific schedule for dispositive motions, which would likely be filed after the Court rules on the motion for class certification.

## E.     AMENDMENT OF PLEADINGS

Plaintiff will likely seek to amend the complaint to clarify the theories of the case and to amend the class definition as necessary, as well as potentially add additional class representatives once a class list is obtained. A proposed deadline for amending pleadings should be established after the parties complete initial discovery but before the Court rules on Plaintiff's anticipated motion for class certification.

Alaska does not currently anticipate seeking leave to amend its answer but reserves the right to do so if necessary.

## F.     EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding preservation of evidence.

Both parties confirm they have taken reasonable and proportionate steps to preserve evidence relevant to the claims and defenses in this action.

## G.     DISCLOSURES

The parties participated in a Rule 26(f) conference on November 12, 2025. The parties have exchanged initial disclosures.

## H.     DISCOVERY

**Discovery to date:** Plaintiff propounded his first set of Requests for Admission, Requests for Production, and Interrogatories on January 13, 2026. Alaska responded on April 3, 2026. Parties are meeting and conferring regarding these responses. Plaintiff propounded his second set of Requests for

JOINT INITIAL CASE MANAGEMENT CONFERENCE                                    Case No. 25-CV-08091-SK

Admission, Requests for Production, and Interrogatories on June 22, 2026. Additionally, Parties are meeting and conferring regarding appropriate 30(b)(6) deposition topics.

Alaska contends that all discovery should be stayed until this Court issues its ruling on Alaska's Motion for Judgment on the Pleadings in order to avoid unnecessary time and resources. Plaintiff disagrees; the parties can continue to meet and confer regarding Alaska's responses and schedule depositions irrespective of the ruling on the motion for judgment on the pleadings.

**Scope of anticipated written discovery:** If Alaska's Motion for Judgment on the Pleadings is denied, the parties anticipate substantial discovery will be necessary, including discovery on the prerequisites for class certification and on the facts supporting Alaska's affirmative defenses. This discovery includes discovery on class member identification information and employment records; Alaska's attendance records, sick leave records, and point calculations for plaintiff and putative class members; and Alaska's attendance policies. Alaska anticipates taking discovery on the circumstances surrounding Plaintiff's absences during his employment with Alaska.

**Depositions:** Plaintiff anticipates taking the deposition of Alaska's corporate representatives on topics including attendance policy development, implementation, and enforcement; sick leave administration; and class member identification as well as any "happy camper" declarants. Alaska anticipates taking the deposition of Plaintiff and select putative class members. Both parties anticipate taking the deposition of the other party's expert witnesses. The parties are currently meeting and conferring regarding potential deposition dates.

**Proposed limitations or modifications:** None at this time. The parties will meet and confer if limitations become necessary.

**Protective order for confidential information:** The Court granted the parties' stipulated protective order on December 11, 2025.

**E-Discovery:** The parties agree that documents will be produced in their native format as much as feasible with data from databases produced as Microsoft Excel files.

**Discovery disputes:** The parties are meeting and conferring and will bring any unresolvable disputes to the Court's attention as they arise. The parties are aware of the Court's procedures for resolution of discovery disputes and will adhere to them.

7

**I.     CLASS ACTIONS**

This is a putative class action. Plaintiff seeks to represent the following class:

> All California-based flight attendants employed by Alaska Airlines between November 27, 2020 and the date of class notice.

Plaintiff also seeks to certify a subclass:

> All class members that Defendants terminated because they accumulated sufficient points under Defendants' attendance control policy to warrant termination at least in part due to points arising from taking sick leave.

**Proposal for class certification timing:** The parties have not yet agreed on a class certification schedule. Plaintiff anticipates filing a motion for class certification in October or November 2026, subject to the completion of class certification discovery. The parties will be in a better position to propose a specific briefing schedule at the next case management conference, following the Court's ruling on Alaska's Motion for Judgment on the Pleadings.

**Procedural Guidance for Class Action Settlements**: All attorneys of record have reviewed the Procedural Guidance for Class Action Settlements. No settlement has been reached at this time.

**J.     RELATED CASES**

There are no related cases pending before another judge of this Court or before another court or administrative body.

**K.     RELIEF**

Plaintiff seeks the following relief:

**Actual Damages:** The greater of actual damages or one day's pay for each violation of Labor Code section 233, pursuant to sections 233(d).

**Reinstatement:** Reinstatement for plaintiff and subclass members who were terminated due to attendance policy violations.

**Civil Penalties:** For aggrieved employees under PAGA to be calculated based on number of aggrieved employees and pay periods during the statutory period.

**Restitution:** Under Business & Professions Code section 17203, restitution of wages lost by class members due to unlawful terminations.

**Prejudgment Interest:** On all monetary awards.

JOINT INITIAL CASE MANAGEMENT CONFERENCE                                      Case No. 25-CV-08091-SK

**Attorneys' Fees and Costs:** Pursuant to Labor Code sections 233(e), 2699(g)(1), and Code of Civil Procedure section 1021.5.

Alaska disputes that Plaintiff or the purported class are entitled to any of this relief and reserves its rights to seek its attorneys' fees and costs, as permitted by law, and any other appropriate relief.

**L.    SETTLEMENT AND ADR**

**ADR efforts to date:** The parties mediated on September 3, 2025, with mediator Hunter Hughes. The matter did not resolve. The parties subsequently discussed and scheduled mediation for June 8, 2026, but concluded that further mediation would not be productive at this time, particularly with Alaska's dispositive motion in front of the Court.

**Specific ADR plan:** The parties have complied with ADR L.R. 3-5. At this time, the parties do not believe additional ADR would be productive until after key issues have been resolved through motion practice, including: (1) a ruling on Defendant's motion for judgment on the pleadings; (2) a ruling on Plaintiff's motion for class certification; and (3) if necessary, Alaska's anticipated dispositive motion(s) following discovery. The parties propose revisiting mediation after these key issues have been decided. The parties are open to the Court's guidance regarding the timing and format of additional ADR.

**M.    OTHER REFERENCES**

**Binding Arbitration:** This case is not suitable for binding arbitration.

**Special Master:** The parties do not currently believe that a special master is necessary. They will promptly notify the Court if that changes.

**Judicial Panel on Multidistrict Litigation:** This case is not suitable for MDL treatment.

**N.    NARROWING OF ISSUES**

**Most Consequential Issues**:

**1.**    Whether class certification is appropriate.

Plaintiff will file a motion for class certification after Alaska substantively responds to discovery on class certification issues. Alaska intends to oppose the motion.

**2.**    Whether Defendant's motion for judgment on the pleadings should be granted.

JOINT INITIAL CASE MANAGEMENT CONFERENCE                    Case No. 25-CV-08091-SK

Defendant's motion for judgment on the pleadings is set for hearing on July 13, 2026. The motion raises threshold legal issues that could be dispositive or substantially narrow the case. The issue presents a pure question of statutory interpretation.

**3.** <u>Whether Plaintiff's claims are preempted</u>.

Defendant anticipates moving for partial or full summary judgment on Plaintiff's state law claims based on federal preemption and/or constitutionality.

**Stipulations regarding undisputed facts:** The parties may stipulate to certain factual matters, including: (1) Plaintiff's employment dates, positions, and base locations; (2) the authenticity of the applicable CBAs; and (3) the number of California-based flight attendants during the relevant period.

**Suggestions to expedite the presentation of evidence at trial**: It is too soon to determine what methods, if any, would expedite the presentation of evidence at trial. The parties will meet and confer after the Court rules on the anticipated dispositive motions.

**Bifurcation requests**: The parties will meet and confer regarding bifurcation after the Court rules on anticipated dispositive motions.

**O.    SCHEDULING**

The parties propose that the Court set another case management conference in approximately 90 days. That would give the Court time to rule on Defendant's motion for judgment on the pleadings, and the parties will be in a better position to propose a specific briefing schedule for the class certification motion and to address other case deadlines.

**P.    TRIAL**

**Jury or Court Trial:** The parties agree that there is no right to a jury trial for PAGA and UCL claims, so those claims must be tried in a bench trial. The class claim will proceed in a jury trial.

**Expected Length:** It is too soon to determine the expected length of trial.

**Q.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

**Plaintiff's Certification:** Plaintiff Daniel Estrada filed his Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-15 on October 7, 2025. Plaintiff has no financial interest in the subject matter of this proceeding other than his individual claims as plaintiff.

JOINT INITIAL CASE MANAGEMENT CONFERENCE                    Case No. 25-CV-08091-SK

In this proposed class and representative action, the following persons or entities have a financial interest in the subject matter or could be substantially affected by the outcome:

- All California-based Alaska Airlines flight attendants employed during the period November 27, 2020, through the date of class notice (putative class members)
- Association of Flight Attendants-CWA, AFL-CIO (labor union representing Alaska's flight attendants)
- California Labor and Workforce Development Agency (recipient of PAGA penalties)

No person or entity is funding the prosecution of plaintiff's claims or counterclaims.

**Defendant's Certification:** Defendant's disclosure of non-party interested entities or persons can be found at Dkt. 2.

**R.    PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**S.    OTHER MATTERS**

**Remote Appearances:** The parties request permission for counsel to appear remotely for case management conferences and non-evidentiary hearings where appropriate, consistent with the Court's policies.

**Coordination with State Proceedings:** This case was removed from state court. There are no remaining state court proceedings.

11

JOINT INITIAL CASE MANAGEMENT CONFERENCE                                    Case No. 25-CV-08091-SK

Respectfully submitted,

Dated: July 6, 2026                    VALERIAN LAW P.C.


By:  /s/ Risa Nagel

Risa Nagel

*Attorney for Plaintiff and the Proposed Class*

Dated: July 6, 2026                    SEYFARTH SHAW LLP


By:  /s/ Ryan McCoy

Ryan McCoy

*Attorney for Defendant Alaska Airlines, Inc.*


## ECF ATTESTATION

I, Risa Nagel, attest that concurrence in the filing of this Statement has been obtained from the signatory Ryan McCoy, counsel for Defendant. See L.R. 5-1(i)(3).


Dated: July 6, 2026                    VALERIAN LAW P.C.


By  /s/ Risa Nagel

Risa Nagel

*Attorney for Plaintiff and the Proposed Class*

12

JOINT INITIAL CASE MANAGEMENT CONFERENCE                    Case No. 25-CV-08091-SK

**PROOF OF SERVICE**

I, Eileen Torrez, am over the age of 18 years and not a party to this action. I am employed by Valerian Law, P.C., in Alameda County. My business address is: Valerian Law, P.C., 2222 Harold Way, Berkeley, CA 94704 and my electronic service address is: eileen@valerian.law. I am readily familiar with the business' practice for filing electronically.

On July 6, 2026, in the matter of *Estrada v. Alaska Airlines, Inc. and DOES 1 through 10, inclusive* Case No. 25-CV-08091-SK, I served true and correct copies of the following document(s):

- **JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT**

I served the document(s) by the following means:

☒ **By Electronic Mail** – By sending the document(s) via electronic mail without transmission error to the email address(es) set forth below, in the ordinary course of business following ordinary business practices, pursuant to CCP § 1010.6.

| | |
|---|---|
| Ryan McCoy<br>RMcCoy@seyfarth.com<br>Taylor Horn<br>THorn@seyfarth.com<br>Shari OBrien<br>ShOBrien@seyfarth.com<br>Seyfarth Shaw LLP<br>560 Mission Street, Suite 3100<br>San Francisco, CA 94105 | *Attorneys for Defendant ALASKA AIRLINES, INC.* |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed in Oakland, California on July 6, 2026.

_____
Eileen Torrez

PROOF OF SERVICE                                                    Case No. 25-CV-08091-SK