United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ESTRADA,<br>Plaintiff,<br>v.<br>ALASKA AIRLINES, INC.,<br>Defendant. | Case No. 25-cv-08091-SK<br><br>**ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Regarding Docket No. 19 |

This matter comes before the Court upon consideration of the motion for judgment on the pleadings filed by Defendant Alaska Airlines, Inc. Having carefully considered the parties' papers, relevant legal authority, the record in the case, and having had the benefit of oral argument, the Court hereby DENIES Defendant's motion for the reasons set forth below.

## BACKGROUND

Plaintiff Daniel Estrada brings this purported class action on behalf of all California-based flight attendants employed by Defendant. (Dkt. No. 1-1 (Compl.).) Plaintiff alleges that Defendant's policy regarding attendance penalizes flight attendants for taking sick leave in violation of California Labor Code § 233 ("Section 233"). (*Id*. at ¶ 2.) Defendant argues that its flight attendants, including Plaintiff, are not included in the definition of "employees" in Section 233 and, thus, moves for judgment on the pleadings on that basis.

## ANALYSIS

### A. Applicable Legal Standard on Motion for Judgment on the Pleadings.

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) challenges the legal sufficiency of the claims asserted in the complaint. A Rule 12(c) motion is "functionally identical" to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Ross v. U.S. Bank Nat'l Ass'n*, 542 F. Supp. 2d 1014, 1023 (N.D. Cal 2008). "For

purposes of the motion, the allegations of the non-moving party must be accepted as true . . . ." *See Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990). Although the standards for evaluating a motion to dismiss and a motion for judgment on the pleadings are similar, a motion for judgment on the pleadings "is proper when the moving party clearly establishes on the face of the pleadings that *no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law*." *Id*. (emphasis added).

**B. Defendant's Motion for Judgment on the Pleadings.**

Section 233 prohibits employers from denying employees the right to use sick leave. Cal. Lab. Code § 233. Defendant argues that the definition of "employee" in another Labor Code provision, California Labor Code § 245.5, excludes Plaintiff as a cabin-crew member and as an employee covered by a collective bargaining agreement, and that the definition of employee from Section 245.5 applies to Section 233. If true, then Plaintiff would not be covered by Section 233, and his claims would thus fail.

Section 233 provides: "Any employer who provides sick leave for employees shall permit an employee to use in any calendar year the employee's accrued and available sick leave entitlement . . . for the reasons specified in subdivision (a) of Section 246.5. Cal. Lab. Code § 233(a). The statute further provides that "[a]n employer shall not deny an employee the right to use sick leave or discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using, or attempting to exercise the right to use, sick leave to attend to an illness or the preventive care of a family member, or for any other reason specified in subdivision (a) of Section 246.5." Cal. Lab. Code § 233(c). Section 233 defines "employer" and "sick leave" and states that the term "family member" "has the same meaning as defined in Section 245.5." Cal. Lab. Code § 233(b). Section 233 does not provide a definition for the term "employee." Cal. Lab. Code § 233. Section 233 falls under Article 1, General Occupations, of Chapter 1 in Division 2 of the Labor Code.

Article 1.5, Paid Sick Days, includes the other statutory sections to which both parties cite. The title of Article 1.5 is "Healthy Workplaces, Healthy Families Act of 2014. Cal. Lab. Code § 245. California Labor Code § 245.5 ("Section 245.5"), within Article 1.5, is entitled "Definitions"

and sets forth the definitions for this Article. *See* Cal. Lab. Code § 245.5 ("As used in this article:"). Section 245.5 defines "employee" to *exclude* individuals employed by an air carrier as a flight deck or cabin crew member and employees covered by valid collective bargaining agreements that meet certain requirements. Cal. Lab. Code § 245.5(a). This provision further provides definitions for "employer," "family member," "health care provider," and "paid sick days." Cal. Lab. Code § 245.5.

According to Defendant, California's tools of statutory construction demonstrate that the definition of "employee" in Section 245.5 (in Article 1.5) applies to the use of "employee" in Section 233 (in Article 1). Defendant relies on the *in pari materia* doctrine. "Two statutes are considered to be in pari materia when they relate to the same person or thing, to the same class of persons or things, or have the same purpose or object." *Lexin v. Superior Ct.*, 47 Cal. 4th 1050, 1091 (2010) (cleaned up). The California Supreme Court has made clear that "[i]t is a basic canon of statutory construction that statutes in pari materia should be construed together so that all parts of the statutory scheme are given effect." *Id*. at 1090-91; *see also American Airlines, Inc. v. Cnty. of San Mateo*, 12 Cal. 4th 1110, 1129 (1996) ("A statute that is modeled on another, and that shares the same legislative purpose is in pari materia with the other, and should be interpreted consistently to effectuate congressional intent.") Defendant argues that Sections 233 and 245.5 are *in pari materia* and, thus, must be construed together. And, if they are construed together, then the definition of employee in Section 245.5 applies to the use of the term employee in Section 233.

Defendant also argues that the legislative history of Sections 233 and 245.5 shows that the two statutory provisions have the same legislative purpose and were designed to work together, that the amendments in 2015 to Section 233 were meant to work together with the Healthy Workplaces, Healthy Families Act of 2014, and that, therefore, the definition of "employee" in Section 233 should be the same as the definition of "employee" in the Healthy Workplaces, Healthy Families Act of 2014.

Lastly, Defendant argues that, under the statutory-reference cannon, where one statute "adopts by specific reference the provisions of another statute," those "provisions are

incorporated" into the first statute. *People v. Rojas*, 15 Cal. 5th 561, 570 (2023).

However, as the California Supreme Court has made clear, the courts' "primary task when faced with a question of statutory construction is to determine the intent of the Legislature" and courts "begin by looking to the statutory language." *McCarther v. Pac. Telesis Grp.*, 48 Cal. 4th 104, 110 (2010). Statutory language must be given "its usual, ordinary import and accord[ ] significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose. A construction making some words surplusage is to be avoided." *Id.* Moreover, statutory language "must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible." *Id.* If the statutory language is ambiguous, then courts should "look to additional canons of statutory construction to determine the Legislature's purpose." *Id.*

Because the Court finds here that the meaning of "employee" and the statutory language of Sections 233 and 245.5 are not ambiguous, the Court will not turn to statutory cannons to interpret these statutes. The language of Section 233 is clear. It defines some, but not all of its terms. *See* Cal. Lab. Code § 233. Moreover, in referring to one particular term, "family member", Section 233 states that it "has the same meaning as defined in Section 245.5." Cal. Lab. Code § 233(b). Section 233 was amended and specifically refers to Section 245.5 for this term but is silent as to the term "employee". The Court may only construe "employee" as limited and defined by Section 245.5 if the Legislature made a mistake in defining some terms but in failing to provide a definition for the term "employee." The Legislature was aware of Section 245.5 when it amended Section 233 to refer to that section for another term, and, thus, the Court will not presume that the Legislature erred or was sloppy in failing to refer to Section 245.5 for the definition of "employee".

In addition, the Court notes that Section 245.5 states that it provides definitions to terms as they are used in Article 1.5. *See* Cal. Lab. Code § 245.5 ("As used in this article:"). Where, a provision in a different article, Article 1, does not specifically incorporate a definition from Section 245.5 from Article 1.5, the Court will not expand the scope of the limited definition of the

term "employee" from 245.5 to apply to Section 233.

Instead, the Court will construe "employee" in Section 233 in light of its common law meaning. *Arnold v. Mut. of Omaha Ins. Co.*, 202 Cal. App. 4th 580, 586 (2011). As the court explained in *Arnold*, under California law, "[a] statute will be construed in light of the common law unless the Legislature clearly and unequivocally indicates otherwise. . . . Thus, when a statute refers to an 'employee' without defining the term, courts have generally applied the common law test of employment to that statute. *Id*. (citations omitted) (finding that California Labor Code § 2802 does not define "employee" and, thus, the common law test of employment applies). Defendant does not argue that the common law definition of employee excludes Plaintiff as a cabin-crew member or as an employee subject to a Collective Bargaining Agreement.

Accordingly, the Court DENIES Defendant's motion.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion for judgment on the pleadings. The Court RESETS the initial case management conference for August 24, 2026. The parties shall file an updated joint case management statement by no later than August 17, 2026. In their joint statement, the parties shall propose a case schedule from the close of discovery through to trial.

**IT IS SO ORDERED**.

Dated: July 28, 2026

SALLIE KIM
United States Magistrate Judge